## REED v. BEAZLEY.

On the separation of husband and wife, the husband bound himself by deed to pay to a trustee a certain sum annually, for four years, for his wife's maintenance, reserving the right to deduct from the amount whatever he should be obliged to pay for debts which she might subsequently contract: *Held*, that the contract was obligatory at law against the husband.

*Semble*, that though the husband be not, in any respect, indemnified against the debts of the wife, the contract is valid as against the husband; but that, in such a case, it will not be enforced to the prejudice of a creditor or purchaser of the husband.

ERROR to the *Fayette* Circuit Court.—Debt on a sealed note for 100 dollars. Plea, no valid consideration. Judgment for the plaintiff below, the defendant in error.

*Wednesday,
November 15.*

HOLMAN, J.—This was an agreed case in the Circuit Court. Suit was brought on a note for 100 dollars. The defence was, that there was no consideration in law to render the note obligatory. The consideration of the note was shown by certain articles of agreement, executed by *Reed* of the first part, *Jane* his wife of the second part, and *Beazley* trustee of the third part; stating, in substance, that *Reed* and his wife had agreed to live separate and apart from each other; that *Reed* had agreed to pay *Beazley*, for the use of the wife, the sum of 390 dollars within four years, that is, 100 dollars annually for three years, and 90 dollars the fourth year; and had given his separate notes to *Beazley* accordingly: (one of which notes was the foundation of the present action.) In case of the death of *Jane* within the four years, he was to discharge all the obligations remaining due at the time of her death, by paying her executors 50 dollars for her funeral expenses. He also agreed to leave his wife unmolested in her person, property, &c. during her natural life. *Jane* agreed, on her part, to receive said 390 dollars in full satisfaction for her support and maintenance, and also of all alimony or dower from her husband during her life. But it was provided, that if the husband, his heirs, or executors, should be obliged to and actually pay any debt or debts which *Jane* might thereafter contract, in such case he should be allowed to deduct the amount so paid, together with all costs, charges, and interest, out of the

13

390 dollars aforesaid, and retain the amount so paid in his own hands. On the case thus agreed, if the law was with the plaintiff, judgment was to be rendered for him; and if not, judgment was to be rendered for the defendant. The Circuit Court gave judgment for the plaintiff; to reverse which, the defendant prosecutes his writ of error.

The errors assigned are: first, that the whole contract is void, being against the policy of the law; secondly, that as the trustee did not indemnify the husband against the debts of the wife, the obligations on the part of the husband are without consideration. On the first point it may suffice to say, that contracts of this nature are supported by a long train of *English* decisions; and we are satisfied that it comports with good policy, to act in conformity with those decisions. How much soever we may regret the unhappy state of society that renders articles of this nature necessary, we see no reason to regret that such contracts, so far as they provide for the maintenance of the wife, are considered obligatory. A disposition to separate man and wife, or to facilitate a separation, is nowhere manifested by the law as contained in the *British* books; but where unhappy differences arise, and a separation is unavoidable, the law interposes to enable the parties to ameliorate the effects of the separation. Admitting the policy of supporting covenants for the separate maintenance of the wife, the second error assigned questions the legality of the agreement in the present case, inasmuch as the husband is not indemnified by the trustee against the debts of the wife. This question is predicated on the case of *Seeling* v. *Crawley*, 2 Vern. 386, as cited by Newland on Contracts, p. 119. There the husband covenanted for the separate maintenance of the wife, and the trustee gave an indemnity against the debts of the wife; and equity decreed a specific performance. But it does not appear, that a specific performance would not have been decreed, if there had been no such indemnity. The same author, p. 121, cites several cases where equity refused to enforce such agreements, to the prejudice of a creditor or purchaser of the husband, unless the husband was indemnified by the trustee against the debts of the wife. The principle of these cases fairly implies, that, against the husband alone, equity would enforce the agreement without such indemnity. But the obligation of the husband to comply with the agreement in the absence of such indemnity, does not rest upon implication. In the case of *Fitzer*

v. *Fitzer*, 2 Atk. 511, and the case of *Cooke* v. *Wiggens*, 10 Ves. 191, as cited by Newland, p. 121, a performance of the contract for the wife's maintenance was decreed against the husband, although no indemnity existed. In the King's Bench, in the case of Lord *Rodney* v. *Chambers*, 2 East, 283, the husband contracted to pay a sum of money annually for the use and maintenance of the wife, in case of a future separation; which separation afterwards took place, and the Court held the covenant obligatory: and, in that case, there was no covenant of indemnity by the trustee against the debts of the wife. If the foregoing cases are not sufficient to remove every doubt, in a case where the contract is silent as to an indemnity against the wife's debts; yet, when applied to the present case, they are conclusive. Here the husband covenanted for his own security, and provided, that, in case he should be compelled to pay any of the debts of his wife, he should retain the amount thereof out of the money he had covenanted to pay. Whether this provision is an ample indemnity or not, this Court will not inquire. It is the indemnity that the husband has provided for himself, and certainly presents a stronger case than those above recited, where there was no indemnity whatever. We are therefore of opinion, that the articles of agreement are valid and binding in law against the husband; and that the note is consequently obligatory.

*Per Curiam.*—The judgment is affirmed, with costs.

*Caswell*, for the plaintiff.

*Test*, for the defendant.

