Goddard v. Beebe.

--- • ◦ • ---

GODDARD, *as trustee, &c. v.* BEEBE.

An action for the separate maintenance of the wife may be sustained by her trustee against the husband, on a deed of separation, in which all three were made parties, and which stipulated for immediate separation, for release of all right of dower in the husband's lands, and to keep him harmless and indemnified against all debts contracted by her—such a deed shows mutuality and consideration.

Although a husband can not contract with his wife, he may covenant with her trustee for her benefit.

A deed of separation acknowledged by the husband and wife may be good if not acknowledged by the trustee.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. This suit was commenced on a

deed of separation executed, by Stuart Beebe, and Jane, his wife, of the first and second parts, and P. B. Goddard, as trustee, of the third part. Among other things, the deed stipulated that S. Beebe should pay to Jane, during her life, the annual sum of eight hundred dollars ; and, in default of such payments, the deed authorized judgment against Stuart, at the suit of Goddard, as trustee, for the sum of ten thousand. dollars. The payment of $800 per annum was to be made monthly, commencing February 1, 1848. Petition avers default of payments from November 1, 1850, to the commencement of suit, May 4, 1853. A copy of the deed of separation is made a part of the petition. A demurrer was filed to this petition and sustained by the court. It is contended that there was no good cause for the demurrer, and that it should have been overruled.

1. As a strong cause of demurrer, it was urged that an action cannot be maintained upon the deed, and that it is void for want of consideration. The deed appears to have been prepared with much care and professional skill. The relations and undertakings of the respective parties are distinctly observed, and clearly expressed. The liability of the husband to pay the stipulated sum for the maintenance of the wife, under their agreed state of separation, is unequivocally expressed ; and, as the instrument contains every essential requisite to legal validity, as it is in writing, and between parties capable to contract and to be contracted with, in consideration of mutual objects which may be contracted for, such as maintenance and release from the wife's debts, as it was duly executed and acknowledged by the parties in interest, we can see no good reason why the action should not be sustained by the trustee for the use of the wife.

But it is objected that a deed must be founded upon a good and sufficient consideration, and that the deed in this case shows no consideration from the wife to the husband. The deed states that the separation was " mutually agreed to," and " that in consideration of the covenants and pro-

visions made by Stuart Beebe, she, the said Jane, hath, and by these presents doth remise, release," &c., all right of dower in her husband's lands, and agrees to keep him harmless and indemnified against all debts contracted by her. In consequence of the "unhappy differences" referred to in the deed, both husband and wife considered separation desirable. In this there was mutuality. The considerations for the stipulated maintenance, are not only the release of dower, and from liability to pay her debts, but there was also that universal consideration at law, which requires the husband to furnish suitable support for his wife. Their voluntary and mutual separation from each other cannot abolish that obligation.

2. Again, it is urged that the deed has no validity, because it is a rule of law that the wife has no capacity to contract, as her legal existence is merged into that of her husband. A covenant with her is, in legal effect, with himself. This objection is removed by the intervention of the trustee, who contracts for her benefit. It is for that reason he was made a party to the deed.

3. But it is urged that the deed was not acknowledged by the trustee, and that it is therefore void. As the deed was duly acknowledged by the husband and wife, and contained no covenants, grants or concessions from the trustee, there was no necessity for his acknowledgment. With as much propriety might it be said that a deed should be acknowledged by the grantee.

Many decisions are cited by counsel, in support of the demurrer, but we cannot regard them as strictly applicable to the case at bar, while the authorities in support of such deeds are numerous, appropriate and reliable, not only from American but also from English courts. *Lee* v. *Thurlow*, 9 English C. S. R., 174; *Baynou* v. *Batty*, 21 *ib.*, 295; 13 Ves., 443; 18 *ib.*, 99; 2 Bright, 333, § § 16 to 37; 2 Blacks. R., 843, 1016; 2 P. Wms., 502; 5 Day, 47; 7 Serg. and Raw., 500; 3 Barr., 100; 7 *ib.*, 411; 8 John., 72; 3 Paige 483; 14 Ohio 257.

Goddard *v.* Beebe.

*Reed* v. *Beazley*, 1 Blackf., 97, decides all the important points raised in this case. It affirms the doctrine supported by a long train of English decisions in favor of such deeds, and commends the policy which would enforce the husband's promise to provide for the maintenance of his wife. In that case, the husband bound himself by deed, to pay a certain sum annually for four years, to a trustee, named as the third party in the deed, for his wife's maintenance ; reserving to himself the right to deduct from the amount whatever he should be obliged to pay for debts which she might subsequently contract; and it was held that this contract was obligatory at law upon the husband.

In the case at bar, the deed has no such reservation in relation to the debts of the wife, nor is it pretended that the husband had been called upon to pay any such debts. We must presume from the pleadings, that she had performed her undertaking in the deed, by keeping "him harmless and indemnified against all debts of her contracting." If she had failed in that particular, if he had been called upon to pay any debts subsequently contracted by her, it would have been a legitimate item of set-off against her claim. In all deeds like the present, the law would give the same protection and security as the husband reserved to himself in *Reed* v. *Beazley*, and therefore such a reservation in a deed is not necessary, and can give it no additional force or validity.

In some of the decisions, referred to in support of the demurrer, it appears that the trustee named in the deed gave an indemnity against the debts of the wife; it is therefore inferred by counsel, that as the trustee in the present deed gives no such indemnity, the deed should be adjudged a nullity. Such an inference is not authorized by the premises. No case has been pointed out to us in which the deed was declared void for the want of such indemnity ; nor does it appear that the cases cited would

not have been equally strong against the husband, if there had been no such indemnity.

In 2 *Atk.*, 511; 10 *Ves.*, 191; 13 ib., 443; 18 ib., 99; 2 *East.* 283; in each case, decree was rendered against the husband, for the wife's maintenance, although no indemnity was given by the trustee. These English authorities are well indorsed by a long train of American decisions. And it may be worthy of remark that no state furnishes a more corroborative list than Pennsylvania, within which the deed in the present case was executed. It appears to have been prepared with particular reference to the laws and decisions of that state. As the laws of a state enter largely into the contracts made under them, this deed derives peculiar favor and validity from the decisions of that state.

But it is objected that the more recent decisions in New York are against the validity of such deeds, and in proof of this, we are referred to *Beach* v. *Beach,* 2 Hill, 260; *The People* v. *Mercein,* 3 ib., 399.

The points decided in *Beach* v. *Beach* are in no particular applicable to the case at bar. The deed in that case contained a covenant that the wife might prosecute suits in her own name, or in the joint name of herself and husband, and that he would not interfere with such suits. She subsequently commenced an action of slander, in their joint names, for words spoken of her after the deed was executed; and it was held that a release given by the husband after the suit was commenced, might be pleaded in bar to the action; assuming that at law no agreement between husband and wife will be recognized, so far as it changes their legal capacities and characters. And, still, in that very case, it is conceded "that it may be considered at present as settled, that these deeds, when not contemplating a future separation, are valid, so far as relates to the trusts and covenants by which the husband makes a provision for the wife," &c. 1 Jacobs on Husband and Wife, 157, (note.) A recent English decision is also referred to, with approba-

Goddard *v.* Beebe.

tion, in which Lord C. J. Denman, after reviewing all the cases on the subject says : "If I could venture to lay down the principle, which alone seems to be safely deducible from all these cases, it is this : that when a husband has, by his deed, acknowledged his wife to have a just cause of separation from him, and has covenanted with her natural friends to allow her maintenance during separation, on being releived from liability to her debts, he shall not be allowed to impeach the validity of that covenant." *Jones* v. *Waite,* 5 Bing. (N. C.) 341. There is nothing, then, in the text of Jacobs, in the opinion of Denman, nor in the questions decided in *Beach* v. *Beach*, that militates against the obligations of the husband in the present deed.

The case of *The People* v. *Mercein*, 3 Hill, 399, was on *habeas corpus*, by a husband, to recover possession of his infant daughter, from his wife and her father. The validity of an agreement in relation to the care and keeping of the child, was involved in the decision, and it was simply held that the husband could not, by such an agreement, alienate to the wife his right to the custody and care of their children. The agreement made no provision for separation or maintenance, but Judge Cowan takes occasion to animadvert rather severely upon deeds of separation ; and yet he observes : "I am aware that a separate maintenance may be settled by the husband on the wife, and that incidentally they may covenant for the separation of their persons ; and that courts, both of law and equity, have sanctioned such arrangements by carrying them into effect." He soon after declares that " the doctrine of separate maintenance cannot be made to bear upon the agreement in question." Thus clearly showing that that case has no analogy to the present.

Called upon as we are to decide this case upon principles of law as settled by the authorities, we cannot for a moment question the validity of the deed, and the obligation of the husband to furnish the maintenance therein stipulated ; but at the same time it must be conceded, that such articles of separation, so far as they encourage

separation, should be discountenanced by the courts. They are calculated to weaken at least, and too frequently evade the obligations of the marriage contract. When parties are so unfortunately constituted that they cannot live in peace and safety together; when ungovernable passions characterize their intercourse and lead to' corporal abuse and insecurity of life, a separation would seem to be necessary; and in such a case an amicable deed for maintenance, for release of dower and indemnity against debts of the wife's contracting, might be regarded as especially desirable for both parties. As there could be no concord or safety in union, such a deed might produce amity and security in separation. But in such state of separation the legal obligations and restrictions resulting from the relation of husband and wife, should be strictly observed, especially so far as they affect others. Notwithstanding the deed, their marriage contract is not dissolved in any of its legal conditions or obligations. The deed seems only to adjust those conditions and obligations so far as they relate to themselves, and thus avoids the annoyance, expense and delay of judicial action.

We conclude, then, that where such a deed is not calculated to encourage separation between husband and wife, when the stipulations are mutual and in accordance with their marital rights; when it shows an amicable adjustment of those rights between the husband and the wife's trustee, at least so far as her maintenance is concerned, it should be enforced.

Judgment reversed.

*S. Whicher, J. Butler* and *H. O'Connor*, for appellant.

*J. Scott Richmond,* for appellee.