Glass *et al. v.* Davis *et al.*

No. 14,204.

GLASS ET AL. *v.* DAVIS ET AL.

HUSBAND AND WIFE.—*Deed.—Jointure.—Rights of Widow as Heir.—*A husband and wife united in conveying certain real estate to M., in trust, to be immediately conveyed by the latter to the wife, in lieu of all her interest in the other lands then owned or afterwards acquired by her husband, " as her jointure in her said husband's lands forever." On the same day, M. executed and delivered to the wife a deed for the real estate described. The husband died some years later, the owner of other real estate, and leaving neither children nor father or mother, but leaving brothers and sisters of the half-blood only.

*Held,* that the deeds were intended by the parties to operate as a jointure; that they affect the wife's rights as widow only; and that, under section 2490, R. S. 1881, as against the brothers and sisters of the half-blood, she takes, as heir, the whole of the estate of which her husband died seized.

From the Howard Circuit Court.

*C. E. Hendry* and *C. N. Pollard,* for appellants.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, M. Bell* and *W. C. Purdum,* for appellees.

COFFEY, J.—On the 4th day of January, 1870, George Spring and Elizabeth Spring, at that time being husband and wife, executed to William Miller the following deed of conveyance : " This indenture witnesseth, that George Spring and Elizabeth Spring, his wife, of Fayette county, in the State of Indiana, release and quitclaim to William Miller, of Fayette county, State of Indiana, for the purpose of partition, and the sum of one dollar, the following real estate in Fayette county and State of Indiana, in trust, and to be immediately reconveyed by the said Miller to the said Elizabeth Spring in lieu of all her interest in the other lands now owned by the said George Spring, or of all lands he may own in the future, as her jointure in her said husband's lands forever.

Said real estate is described as follows: (here follows a description of the land), and the said Elizabeth also agrees to accept the reconveyance of the lands as above described, in lieu of her interest in the lands now owned by her husband as well as her full portion in his real estate as his wife forever." Which deed was duly signed and acknowledged.

On the same day the said William Miller executed and delivered to the said Elizabeth Spring the following deed of conveyance: "This indenture witnesseth, that William Miller, of Fayette county, and State of Indiana, trustee, as set forth in a deed this day made to him by George Spring and Elizabeth Spring, his wife, of Fayette county, and State of Indiana, in consideration of the sum of one dollar, in pursuance of the power vested in him as such trustee by the deed aforesaid, doth hereby release, remise, convey and quitclaim to said Elizabeth Spring the following tracts of land in Fayette county, Indiana, in lieu of all her interest and title in the land now owned by her husband, George Spring, as well as in all he may hereafter be possessed of. Said tracts of land are described as follows: " (Here follows a description of the land conveyed.)

George Spring died intestate on the 22d day of March, 1885, the owner in fee of the land described in the complaint in this cause, leaving the said Elizabeth Spring as his widow, and leaving neither children nor father or mother. This action is brought by his brothers and sisters of the half-blood, now living, and by the descendants of such as are dead, there being none of the whole blood, against Elizabeth and her present husband, Samuel J. Davis, and their grantees, to quiet title to the land of which the said George Spring died seized. The complaint avers the facts above set out, and proceeds upon the theory that by reason of the deeds above recited Elizabeth took no interest in the land owned by George Spring at the time of his death, and that the same descended to the appellants as the next of kin. The court sustained a demurrer to the complaint and the appellants ex-

cepted, and the appellees had judgment for costs. It is assigned for error that the court erred in sustaining the demurrer to the complaint.

"If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." Section 2490, R. S. 1881.

Under the facts in this case, it is perfectly clear that appellee Elizabeth Davis would take the land in controversy were it not for the deeds above set out. *Hoffman* v. *Bacon*, 50 Ind. 379; *Cool* v. *Cool*, 54 Ind. 225; *Daugherty* v. *Deardorf*, 107 Ind. 527.

The only question, therefore, for determination here, is what effect these deeds have upon her rights as the surviving widow and heir of her husband.

It is contended by the appellants that these deeds exclude Mrs. Davis from any interest in the lands of her late husband, and that, by reason of the language therein used, she must take the land thereby conveyed to her in full satisfaction of all claims against his landed estate; while on the other hand it is contended by the appellees that, conceding these deeds to create a valid jointure, they affect her interest as widow only, and that she takes the remainder of the estate as the sole heir of her husband. In determining this controversy it is necessary to ascertain the intention of the parties to the deeds. It was evidently their intention to make a provision for Mrs. Davis out of the lands of her husband, which should be taken by her in lieu of what she would take as his widow in the event she should survive him.

The one-third in fee which the wife takes in the lands of her deceased husband, under our statute, was doubtless intended to take the place of the dower to which she was entitled before the passage of the statute. *Hendrix* v. *McBeth*, 61 Ind. 473; *May* v. *Fletcher*, 40 Ind. 575.

Jointure has the same effect on the wife's interest which she takes under our statute that it had on her dower interest.

By section 2504, R. S. 1881, it is provided that if before her coverture, but without her (the wife's) assent, or if after coverture, any such jointure or pecuniary provision shall be assured or given for her jointure, in lieu of her right to one-third of the lands of her husband, she shall make her election, within one year after the death of her husband, whether she will take such jointure or pecuniary provision, or whether she will retain her right to one-third of the lands of her husband; but she shall not be entitled to both.

1 Washburn on Real Property (4th ed.), p. 313, says: "In treating of dower, it has been seen that one mode of barring the claim of a widow to dower is by settling upon her an allowance previous to marriage to be accepted in lieu thereof. This is called jointure."

A jointure is merely a bar to the wife's possible right of dower. Schouler Husband and Wife, section 162. A jointure is a complete bar to the claim of dower. Bouvier Law Dictionary. An antenuptial jointure, duly accepted in writing, under our statute bars the claim of the wife to any further claims, as widow, against the lands of the husband. *Craig v. Craig,* 90 Ind. 215.

In our opinion the deeds above set out were intended by the parties thereto as a jointure. Indeed, it is so stated in the deeds. Executed as they were during the marriage relation, and at a time when the wife had no power to bind herself by contract, it may well be doubted as to whether the contract therein contained could be enforced against her without her consent thereto given after the marriage relation ceased to exist. But conceding, without deciding, that such contract is binding on her, we do not think it precludes her from taking the remainder of her late husband's estate as heir. In the case of *Sutherland* v. *Sutherland,* 69 Ill. 481, the contract between Sutherland and his wife, made before the marriage, was similar in its terms to the contract now under consideration. It was held that while such contract barred her right to dower, still, as against the brothers and

sisters of Sutherland, he having died without children, she took his estate as heir. Had George Spring, during his life, conveyed away or mortgaged the land in dispute, or had he left children, or made a will by which he bequeathed the property to another, a very different question from the one we are now considering would be presented. Had he left no heirs or next of kin, except his wife, it would not be contended that the land described in the complaint would escheat to the State. In our opinion it is simply a question as to who took the land by inheritance, the widow or the brothers and sisters of the half-blood. We think it descended to his widow under the terms of section 2490, R. S. 1881, *supra.* It follows, therefore, that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed May 8, 1889.