## MARY A. CHITTOCK v. GORDON CHITTOCK.

*Husband and wife—Divorce—Settlement—Release of dower—Fraud and duress.*

101 367
j146 ¹586

1. A contract by which a wife releases her right of dower to her husband is valid; citing *Dakin v. Dakin*, 97 Mich. 284.

2. Pending a suit for divorce instituted by the defendant against the complainant, a contract was entered into, pursuant to which defendant discontinued his suit and paid $600 to complainant, and she released all property rights growing out of the marriage relation. Subsequently she filed a bill for divorce, and he, relying on the settlement, made no defense, and a decree was entered in her favor. Complainant thereafter filed a bill to set aside the contract of settlement so far as it related to her right of dower, alleging that the same was obtained by fraud and duress. And it is held that, the solicitors and counsel who negotiated and effected the settlement being attorneys of great experience, undoubted probity, and high standing in the profession, there being no concealment of any facts, and the terms of the settlement being clear and unmistakable, the decree dismissing complainant's bill must be affirmed.

Appeal from Jackson. (Peck, J.) Submitted on briefs June 7, 1894. Decided July 5, 1894.

Bill to set aside a release of dower. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*W. W. Mitchel,* for complainant.

*Wilson & Cobb,* for defendant.

GRANT, J. Complainant and defendant were married June 11, 1883. She was then 24 years of age, and he 58. They lived together as husband and wife until October, 1886, when they separated. In the following February he filed a bill of complaint against her in the Jackson circuit court for a decree of divorce, charging her with adultery and cruelty. She answered, denying the allegations. The cause was subsequently removed to the Ionia circuit court for hearing. Ex-Gov. Austin Blair and Hon. Thomas E. Barkworth were his solicitors, while Cahill & Ostrander were hers. The case was set for hearing May 23, 1888. Just before this date, Mr. W. W. Mitchel was employed as counsel for her. Negotiations for a settlement had been proceeding for some time between the solicitors for the respective parties. At the time set for the hearing, these negotiations were renewed; Judge Cahill and Mr. Mitchel representing Mrs. Chittock, and Gov. Blair and Mr. Barkworth representing Mr. Chittock. An agreement was reached, by which he agreed to pay her $600, and she released him "from any and all liability now or at any time hereafter existing or accruing, either on account of support, maintenance, alimony, dower, thirds, or allowance, either statutory or arising at common law, incident to the marriage relation; intending hereby to relieve the said party of the first part entirely from all present claims or demands, and from any that may hereafter attach, arising in any manner from the relation of husband and wife, and from any and all costs, charges, and expenses, as well as alimony, either temporary or permanent, incident to any divorce suit now pending, or that may hereafter be commenced by either of the parties hereto against the other." The agreement also recited that the parties were "desirous of settling their property interests, and making a division thereof between themselves, and of providing relative to their mutual rights, interests,

and liabilities arising from the marital relation, so far as the same can be done without the intervention of law." It was also agreed that his suit for divorce should be discontinued, and that he should surrender a certain statement made by her, and certain letters written by her, which acknowledged the commission of adultery by her. But these provisions were not included in the written agreement of settlement. The agreement was fully executed, the money paid, the suit discontinued, the statement and letters surrendered, and the release delivered to Mr. Chittock. Subsequently she filed a bill of divorce against him, on the ground of cruelty. He, relying upon the settlement as to their property rights, made no defense to that suit, an order *pro confesso* was entered, and she obtained a decree. December 1, 1890, she filed the present bill, alleging that that settlement was obtained by fraud and duress, without adequate consideration, and praying that it might be set aside, and declared void, so far as it related to the right of dower. Issue was duly framed by answer and replication. Proofs were taken in open court, and the bill was dismissed.

A contract by the wife, releasing her right of dower to the husband, is valid. *Dakin v. Dakin,* 97 Mich. 284. The only question, therefore, in this case, necessary to determine, is, was the release obtained by fraud and duress?

All the solicitors for the respective parties in the first divorce suit who were present at the settlement, viz., Gov. Blair, Mr. Barkworth, Judge Cahill, and Mr. Mitchel, and also Mr. and Mrs. Chittock, were witnesses in the present case. Other witnesses were introduced, whose testimony related to the value of the dower interest, and the alleged adulterous conduct of Mrs. Chittock. The solicitors and counsel for the respective parties who nego-

tiated and effected the settlement were attorneys of great experience, undoubted probity, and high standing in the profession. There was no concealment of any facts. The existence of the statement and the letters was fully known to both her and her counsel. With this knowledge, they advised her to settle. The terms of the settlement were clear and unmistakable. There was no haste, threats, or undue influence. She deliberately chose to accept $600, and to release all her rights in his property, rather than to contest the grave charge made against her by her husband. She obtained the surrender of the incriminating written documents. We are thoroughly convinced that the conclusion reached by the court below is correct.

This disposal of the case renders it unimportant to determine other questions which have been raised.

Decree affirmed, with costs.

The other Justices concurred.