## Leach *v.* Rains et al.

[No. 18,255. Filed December 16, 1897.]

HUSBAND AND WIFE.—*Postnuptial Agreement as to Wife's Real Estate.—Simultaneous Deeds Construed Together When a Part of Same Transaction.*—A husband and wife, for the purpose of making a marriage settlement, joined in a deed of conveyance of the wife's real estate to a trustee. The deed contained the clause "each of the grantors does release any and all interest in the tract so conveyed to the other, which is now or might hereafter exist on account of the marital relations of the two." The trustee recon-

Leach v. Rains et al.

veyed separate parts of the real estate to the husband and the wife.
Held, upon the death of the wife prior to the death of the husband,
that the husband's right of heirship thereto, under section 2651,
Burns' R. S. 1894, was barred by the deed he and his wife had exe-
cuted. Held, also, that the three deeds were a part of the same
transaction, and must be construed together. pp. 154-156.

DEED.—Acceptance Binds Grantee.—Where a grantee accepts a deed
and takes possession of the real estate thereby conveyed, he is
bound by the conditions of the deed in like manner as if he had
signed an agreement containing the same. p. 157.

HUSBAND AND WIFE.—Antenuptial and Postnuptial Contracts as to
Wife's Real Estate.—The husband's interest in his wife's real estate
during marriage and his right of inheritance under the statute may
be waived by an agreement either antenuptial or postnuptial. pp.
158, 159.

SAME.—Postnuptial Contract as to Wife's Real Estate.—Waiver of
Husband and Wife of Right to Inherit from Each Other.—Where a
wife, through a trustee, conveyed one-half of her real estate to her
husband, and by the terms of the deed released her right to inherit
such real estate from her husband should she survive him, and the
husband made to his wife a similar deed conveying to her his in-
terest in the other half of her real estate, the husband and wife both
joining in the deeds to the trustee, and the husband accepted the
deed, and took and held possession of the real estate conveyed to him,
receiving the rents and profits thereof for more than ten years,
until the death of his wife, the covenant releasing his right of
inheritance is binding on the husband whether the wife had the
power to waive her right to inherit or not. pp. 158-161.

PLEADING.—Cross-Complaint.—A cross-complaint, like an original
complaint, must state facts sufficient to entitle the pleader to some
affirmative relief, and it cannot be aided by the allegations of other
pleadings in the action. p. 163.

From the Howard Circuit Court. Affirmed.

C. N. Pollard, B. F. Harness and W. R. Voorhis,
for appellant.

J. C. Herron, F. N. Stratton, M. Bell and W. C.
Purdum, for appellees.

MONKS, J.—Appellees brought this action against
appellant to recover possession of and to quiet their
title to the real estate described in the complaint.
Appellant's demurrer to the amended complaint was
overruled. Appellant filed a cross-complaint in two
paragraphs, and appellees' demurrer to same was sus-

tained.    Upon leave .granted, appellant filed an amended second paragraph of cross-complaint, to which appellees' demurrer for want of facts was sustained.  Appellant refusing to plead further, judgment was rendered in favor of appellees.  The rulings of the court on the demurrers are assigned as errors.

It appears from the amended complaint, that in 1886, appellant and one Isabelle Lacy were husband and wife, it being the second marriage of each; that said Isabelle was the owner of eighty acres of land in Howard county, Indiana, and that, each being of an age when no children would likely be born to them, and said Isabelle having no children and no father or mother or brother or sister living, and having raised appellee, Della Rains, they were desirous of making a marriage settlement of the respective property rights of each in case of the death of either, and for the purpose of carrying into effect such settlement appellant and Isabelle Leach, his wife, on the 11th day of August, 1886, executed a deed conveying said eighty acres of real estate to a trustee.  It was set forth in said deed that the same was made for the express purpose of having the grantee convey the east half of said real estate to appellant, and the west half to Isabelle Leach, his wife, "to the intent that, when said conveyances are made, each shall accept the same in full satisfaction and discharge of any interest either has in the tract conveyed to the other by virtue of the marital relations existing between them, and it is agreed and understood that in consideration of the making of said conveyances each of the grantors hereto does release any and all interest in the tract so conveyed to the other which now or might hereafter exist on account of the marital relations of the two."  That, in accordance with said trust, the trustee, on the 11th day of August, 1886, executed a warranty deed conveying the

east half of said eighty acres to appellant. It was recited in said deed that appellant, the grantee, should receive and accept said real estate "in lieu of any interest he has or may have in the real estate this day conveyed to Isabelle Leach, his wife, either as her heir, or by virtue of the marital relations existing between them, under the statutes of Indiana, and the said Lewis Leach does hereby receive and accept this conveyance in lieu of and in full satisfaction of any and all claims on or interest in the real estate this day so conveyed to Isabelle Leach, his wife, that he has or may have as her heir, or by virtue of their being husband and wife: provided that she accept the tract so conveyed to her in lieu of her interest as his wife in the tract herein conveyed to him;" that appellant accepted said deed on said terms, and took and held possession of said real estate from the date of said deed, and has received the rents and profits thereof continuously until the commencement of this action. On the same day, August 11, 1886, said trustee, in accordance with said trust executed a warranty deed, conveying the west half of said eighty acres to Isabelle Leach. It was recited in said deed that "said Isabelle Leach shall receive and accept said conveyance in lieu of any interest she has or may have by virtue of her being the wife of Lewis Leach [appellant] in the real estate this day conveyed to him, and she does receive and accept the same in lieu of her interest in the same by virtue of her being the wife of said Lewis Leach [appellant]." Said Isabelle Leach accepted said conveyance and took and held possession of said real estate conveyed to her until when she died, intestate, the owner of said forty acres, leaving surviving her, appellant, her husband, and nephews and nieces, but no children or their descendants. It is clear, under the facts stated in the amended complaint, that appel-

lant would, unless prevented by the deeds set forth, take the forty acres in controversy, under section 2651, Burns' R. S. 1894 (2490, R. S. 1881), which provides that "if a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

Appellant insists that "his right of heirship to the land in controversy is not barred by the deed he and his wife executed, conveying the eighty acres to the trustee." It would seem clear, however, that the language that "each of the grantors does release any and all interest in the tract so conveyed to the other, which is now or might hereafter exist on account of the marital relations of the two," was comprehensive enough to include the right to inherit as heir under the provisions of section 2651, Burns' R. S. 1894 (2490, R. S. 1881). Heirship, under said section, depends upon the marital relations, and if that relation did not exist at the time of the death, the survivor could not inherit as heir or otherwise. Heirship of the survivor exists, therefore, on account of the marital relation of the two at the time of the death of the other. The language of the deed made by appellant and wife to their trustee therefore was comprehensive enough to, and did, authorize the trustee to insert the release contained in the deed to appellant of any interest he might have in the forty acres in controversy as heir of his wife or by virtue of the marital relation existing between them. But we are not required to depend alone on the language of the deed to the trustee, for as the three deeds were executed at the same time and relate to the same subject-matter and were part of the same transaction, they must, therefore, be construed together. *Burns* v. *Singer Mfg. Co.*, 87 Ind. 541, 547, and cases cited; *Ireland* v. *Montgomery*, 34 Ind. 174; *Schmueckle* v. *Waters*, 125 Ind. 265, 267; *Durland* v. *Pitcairn*, 51

Ind. 426, 444; *Cunningham* v. *Gwinn*, 4 Blackf. 341; *Sutton* v. *Bickwith*, 68 Mich. 303, 36 N. W. 79, 13 Am. St. 344, and note p. 351.

It is expressly stated in the deed to appellant, that he accepts the same in lieu of, and in full satisfaction of, any claims or interest in the real estate conveyed to his wife, that he has or may have as her heir, or by virtue of the marital relation existing between them; and by his acceptance of said deed and taking possession of said real estate he became and is bound by these conditions in like manner as if he had signed an agreement containing the same. *Street* v. *Chapman*, 29 Ind. 142; *Smith* v. *Hollett*, 34 Ind. 519; *Fairbanks* v. *Meyers*, 98 Ind. 92, 97, 98; *Chicago, etc., R. W. Co.* v. *Derkes*, 103 Ind. 520, 523, 524, and cases cited; *Thiebaud, Tr.*, v. *Union Furniture Co.*, 143 Ind. 340, 344.

Construing said deeds together, it is evident that appellant not only released his rights in said forty acres, under section 2642, Burns' R. S. 1894 (2485, R. S. 1881), but also his rights under section 2651, Burns' R. S. 1894 (2490, R. S. 1881).

In *Glass* v. *Davis*, 118 Ind. 593, cited by appellant, the real estate was conveyed to the wife during coverture as her jointure in the lands of her husband. The court held that the one-third in fee, which the wife takes in the lands of her deceased husband under sections 2640, 2652, Burns' R. S. 1894 (2483, 2491, R. S. 1881,) was intended to take the place of the dower to which she was entitled before the passage of the statute, and that the jointure had the same effect on the interest the wife takes under our statute that it had on her dower interest; and that, as jointure merely barred a wife's right to dower, it only barred her right under the section of the statute giving her said one-third, and not her right as heir under section 2651 (2490), *supra*. In this case the conveyance was in lieu

of appellant's interest in said forty acres as heir of his wife or by virtue of the marital relation between them, and not in lieu of the one-third, as in *Glass* v. *Davis, supra.* That case is, therefore, not in point here.

It is next contended by appellant that no title passed by the deed of appellant and wife to the trustee, and that his wife died the owner of the eighty acres of land, for the reason that he could not legally consent to his wife's conveyance of her real estate to a trustee upon the express condition that one-half thereof should be reconveyed to him, and that she should be barred of all interest therein as wife and heir; that the wife would be the loser in such a transaction. A married woman may, through the intervention of a trustee, convey her seperate real estate to her husband as a gift, or for a valuable consideration, subject to be avoided for fraud or undue influence on his part. *Johnson* v. *Rockwell,* 12 Ind. 76, 79, 80; *Hetrick* v. *Hetrick,* 13 Ind. 44, 45; Note to *Turner* v. *Shaw,* 9 Am. St. 323, 326; *Boyd* v. *De La Montagnie,* 73 N. Y. 498, 502, 29 Am. Rep. 197; *Darlington's Appeal,* 86 Pa. St. 512, 519, 520, 27 Am. Rep. 726; *Scarborough* v. *Watkins,* 9 Mon. (Ky.) 540, 547, 548, 50 Am. Dec. 528; *Jenne* v. *Marble,* 37 Mich. 319, 322; 14 Am. & Eng. Ency. of Law, 559; Reeve's Dom. Rel., p. 98; Schouler's Dom. Rel., section 190.

The deed of appellant and wife was executed in all respects as required by the laws of this State, and was sufficient to convey the eighty acres to said trustee. A married woman is authorized to convey her separate real estate by deed in which her husband shall join. Sections 3340, 6961, 6962, Burns' R. S. 1894 (2921, 5116, 5117, R. S. 1881).

It is settled law that parties in contemplation of marriage can, by contract, settle the rights that each shall have in their own and each other's property dur-

ing their married life, and that the survivor shall not inherit or take any of the property of the other or any interest therein. *McNutt* v. *McNutt*, 116 Ind. 545, and cases cited; *Bowen* v. *Swander*, 121 Ind. 164, 168; *Wiseman* v. *Wiseman*, 73 Ind. 112; *Shaffer* v. *Matthews*, 77 Ind. 83; *Richards* v. *Richards*, 17 Ind. 636; *Houghton* v. *Houghton*, 14 Ind. 505; *Garver* v. *Miller*, 16 Ohio St. 527; 14 Am. and Eng. Ency. of Law, 539; 5 Am. and Eng. Ency of Law, 909.

It follows that, if the deeds in this case had been executed before the marriage of appellant and his wife, that the same would have been binding on both parties. Appellant's capacity to contract was not impaired by the marriage. He possessed the same power to contract after his marriage as before. He could release his right in the property of his wife during the marriage and his right to inherit from her afterwards, the same after his marriage as before. *Wright* v. *Jones*, 105 Ind. 17; *Huffman* v. *Copeland*, 139 Ind. 221.

In *Wright* v. *Jones*, *supra*, it was held that when a husband, to secure a life estate in the homestead owned by his wife, verbally promises to relinquish his claim to all other interest in her property, and she, in consideration of that promise, undertakes to vest such life estate in him, the agreement is valid. The court said: "If the husband prefers a life estate in a particular piece of property, and to secure the desired estate promises to accept such a life estate and to relinquish his claim as to all other interest in his wife's property, and she, in consideration of that promise, undertakes to vest that life estate in him, the agreement is valid, because it possesses all the essential features of a contract. If the contract were carried into effect by the execution of a deed, it would, as it seems to us, be impossible to impeach it. No ground upon which it could be impeached occurs to us, and none has been

suggested.  The difference between the case we have
put by way of illustration and the real case consists
simply in the method of vesting the life estate in the
husband.  In the supposed case the method is assumed
to be by deed, while in the real case it is by will.   *   *
*   Once it is granted that such a contract is valid,
then it must follow that the method of vesting the
estate is not of controlling importance."   The right
of inheritance under the statute may be waived by the
husband by an agreement either antenuptial or post-
nuptial, or may be restrained by some estoppel which
he has imposed upon himself.  *Roach* v. *White,* 94 Ind.
510; *Huffman* v. *Copeland, supra,* pp. 225, 226, 231.

Counsel for appellant, however, insist that a mar-
ried woman has no power to release her right to in-
herit the land of her husband, and that, as "appel-
lant's wife was not barred of heirship in the land con-
veyed to her husband if she outlived him, he is not
barred from inheriting her lands, the agreements be-
ing mutual.  If such agreement fail as to one of the
parties it must fail as to both."  Citing *Daubenspeck,
Admr.,* v. *Biggs, Admr.,* 71 Ind. 255, and 1 Wharton on
Contracts, section 523.  The case cited only holds that
the evidence did not establish the antenuptial con-
tract alleged, while the doctrine stated in Wharton
only applies to executory contracts, when a promise
is the consideration for a promise.  In this case the
contract is not executory, but was executed, and each
party has accepted the deeds.  After the deeds were ac-
cepted nothing remained to be done by either party.
Each party had done all that he agreed to do and all
that was intended to be done.  Appellant did not
make a mere promise to execute in the future a con-
tract releasing his right to inherit said real estate
from his wife, but by the execution and acceptance of
the deeds he released his right to inherit.  When the

Leach *v.* Rains *et al.*

deeds were delivered, this was accomplished, so far as he was concerned. His wife then held the real estate conveyed to her free from his right to inherit the same, or any part thereof. The release by appellant's wife of her interest, by virtue of the marital relation between them, in the real estate conveyed to him, was not the sole consideration for his release of the real estate conveyed to her. The forty acres conveyed to him formed a greater part, if not all, the consideration for his release. Even if, as contended by appellant, his wife did not have the power to bar her right to inherit the real estate conveyed to him, and she could have inherited the same if she had survived him, his relinquishment of his right as heir to the real estate conveyed to her is not ineffective for that reason, but the same is valid and binding upon him until vacated or set aside. Appellant, having taken possession of the real estate at the time of the conveyance to him, and held possession and received the income and profits thereof for more than ten years, until the death of his wife, is not now in a position to claim that his release, in consideration of which he acquired from his wife title in fee simple to said real estate, is ineffective for any purpose.

In this State, however, there are many contracts between husband and wife which are valid and may be enforced in equity if not at law. *Rinn* v. *Rhodes*, 93 Ind. 389; *Wilson* v. *Wilson*, 113 Ind. 415; *Brown* v. *Rawlings*, 72 Ind. 505; *Hollowell* v. *Simonson*, 21 Ind. 398; *Goff* v. *Rogers*, 71 Ind. 459; *Procter* v. *Cole*, 104 Ind. 373; *Rose* v. *Rose*, 93 Ind. 179; *Behreley* v. *Behreley*, 93 Ind. 255; *Reed* v. *Beazley*, 1 Blackf. 97; *Dutton* v. *Dutton*, 30 Ind. 452; *Harrell* v. *Harrell*, 117 Ind. 94; *Barnett* v. *Harshbarger*, 105 Ind. 410; *Wright*

v. *Jones, supra; Huffman* v. *Copeland, supra; Worth* v. *Patton*, 5 Ind. App. 272.

It was a well settled rule before the enactment of statutes enlarging the rights of married women, that contracts between husband and wife concerning the separate estate of the wife were binding in equity. *More* v. *Freeman*, Bunb, 205; *Livingston* v. *Livingston*, 2 John. Ch. 537, 539. It is said in 2 Story's Eq. Jurisprudence, section 1372, "Thus, for example, if a wife having a separate estate should *bona fide* enter into a contract with her husband to make him a certain allowance out of the income of such separate estate for a reasonable consideration, the contract, although void at law, would be obligatory, and would be enforced in equity. * * * So if a husband and wife for a *bona fide* and reasonable consideration should agree that he should purchase land and build a house thereon for her, and that she should pay him therefor out of the proceeds of her own real estate, if he should perform the contract on his side she also would be compelled to perform it on her side."

It has been held that a contract between husband and wife, free from fraud or undue influence on his part, whereby she releases her right to inherit the property of the husband if she survives him, is valid. *Dakin* v. *Dakin*, 97 Mich. 284, 56 N. W. 562; *Chittock* v. *Chittock*, 101 Mich. 367, 59 N. W. 655; 1 Beach on Con., section 475; 2 Beach on Con., section 954. Such contracts on the part of the wife have been recognized as valid, and enforced in deeds and articles of separation. *Thomas* v. *Brown*, 10 Ohio St. 247; *Garver* v. *Miller*, *supra; Farwell* v. *Johnston*, 34 Mich. 342; *Randall* v. *Randall*, 37 Mich. 563; *Bissell* v. *Taylor*, 41 Mich. 702, 3 N. W. 194; *Rhoades* v. *Davis*, 51 Mich. 309, 16 N. W. 659; *Robertson* v. *Robertson*, 25 Ia. 350; *Owens* v. *Bank*, 31 Md. 325; *Glenn* v. *Clark*, 53 Md. 580; *Dillinger's Ap-*

*peal,* 35 Pa. St. 357, 361; *Reed* v. *Beazley,* 1 Blackf. 97; *Dutton* v. *Dutton, supra; Hilbish* v. *Hattle,* 145 Ind. 59; Stewart on Marriage and Divorce, section 182-190.

However, as the complaint is sufficient even if appellant's wife did not have capacity to release her right to inherit the real estate conveyed to him, we need not and do not determine whether or not she has such power in this State. The court did not err in overruling appellant's demurrer to the amended complaint. For the same reason the court did not err in sustaining the demurrer to the first paragraph of cross-complaint.

The amended second paragraph of cross-complaint alleges a series of transactions between appellant and his wife in her lifetime, upon which appellant claims there is due him a sum of money, and that the same is a lien on the real estate (describing the real estate in controversy) which she owned at the time of her death. It is also alleged that his wife died intestate, leaving no father or mother or child or children or their descendants surviving her, but left appellant as her only heir at law. It is not alleged that appellees have or claim any adverse interest in said real estate, or in the estate of said deceased. No reason is given for making appellees parties to said paragraph.

It is well settled that a cross-complaint, like an original complaint, must state facts sufficient to entitle the pleader to some affirmative relief, and that it cannot be aided by the allegations of other pleadings in the action. *Conger* v. *Miller,* 104 Ind. 592, and cases cited; *Masters* v. *Beckett,* 83 Ind. 595; 5 Ency. of Pl. and Prac., 680, 681.

It follows that the court did not err in sustaining appellees' demurrer to said amended second paragraph of cross-complaint.

There being no available error in the record, the judgment is affirmed.