MOORE, ADMINISTRATOR, *v.* HARRISON, ADMINISTRATOR.

[No. 3,443.    Filed March 26, 1901.]

HUSBAND AND WIFE.—*Antenuptial Contracts.*—No formality is required in antenuptial contracts, and a liberal construction will be given them, in every case giving effect, if possible, to the intention of the parties, since such contracts are favored in law as adjusting property questions and promoting domestic happiness. *p. 411.*

SAME.—*Antenuptial Contracts.—Consideration.*—Parties contemplating marriage may orally agree as to the disposition of their property and confirm such agreement in writing after marriage, and it is not necessary to the validity of such contract that it state the consideration, as marriage is a sufficient consideration. *pp. 411, 412.*

From the Hamilton Circuit Court. *Affirmed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellant.

*F. E. Gavin, T. P. Davis, J. L. Gavin* and *C. W. Griffin,* for appellee.

HENLEY, C. J.—This action was commenced by appellant's decedent, Joseph Green, during his lifetime, against appellee, William Harrison, administrator of the estate of Abigail Green, deceased. The complaint, or petition, avers, in substance, that Abigail Green departed this life intestate on the 17th day of September, 1898, leaving surviving her the petitioner, her husband, "and children her heirs." That she left personal property of the probable value of $3,500 in cash and notes, which are in the hands of her administrator. That the petitioner as the widower of said decedent is entitled to one-third of said personal property. That the children and grandchildren of said decedent claim all of said property, and the administrator of said estate is claiming the right to pay to said children and grandchildren all of said personal property, and refuses to recognize the right of the petitioner to any part of said decedent's property. The relief asked is that the court order the administrator of said Abigail Green's estate to pay over to the petitioner upon the final settlement of the said estate one-third of all moneys received therefrom.

This pleading was not tested in the lower court by demurrer or otherwise, and is not challenged here. Appellee appeared by counsel and filed an answer in three paragraphs. A demurrer was sustained to the third paragraph of answer. The first paragraph was a general denial. The second paragraph, which was held sufficient below, was as follows: "Defendant says that the plaintiff and said decedent entered into a mutual agreement before their marriage, in consideration of their marriage together, that the survivor of them should not take, as heir of the one who should decease first, any portion whatever of his or her

estate so dying, which agreement was not at the time re-
duced to writing. That after their said marriage, and dur-
ing their said marriage, to wit, on the 9th day of September,
1898, plaintiff and said decedent, who was then living, had
said agreement reduced to writing and signed and executed
the same as evidence and ratification of their said ante-
nuptial agreement, for the purpose of carrying out and ef-
fectuating said agreement, a copy of which agreement is as
follows to wit: 'This agreement witnesseth, that, in the
event Abigail Green dies first, Joseph Green is not to have
or take any interest in her estate, and that in the event
Joseph Green dies first, Abigail Green is not to have or take
any interest in his estate. September 9, 1898. [Signed]
Abigail (her x mark) Green. Joseph (his x mark) Green.'
Theodore P. Davis. Wherefore defendant asks to be dis-
charged with costs."

After the cause was at issue, and before the trial, the
said Joseph Green died, and upon motion the administrator
of his estate was substituted as plaintiff. There was a
trial and finding in favor of appellee, defendant below.

The questions discussed upon appeal arise upon the rul-
ing of the lower court in overruling appellant's demurrer to
the second paragraph of appellee's answer, and in overrul-
ing his motion for a new trial.

Some of the undisputed facts were that in the year 1880,
appellant's decedent, Joseph Green, was a widower aged
about seventy years, and appellee's decedent was a widow
aged about sixty years. They desired to marry. They each
had children by a former marriage. In consideration of
their contemplated marriage they entered into an oral ante-
nuptial contract. This contract was to the effect that the sur-
vivor, whether it be husband or wife, was to take no interest
or share of the estate of the deceased one, and the property
of the husband upon his death was all to go to his children,
and the property of the wife at her death was all to go to
her children. They were married in a few days after the

contract was made. After their marriage, in order to preserve and make certain their oral antenuptial contract, they executed the written contract, a copy of which is filed with the second paragraph of answer. Is this a valid and enforceable contract? If it is, then the second paragraph of answer presents a complete bar to appellant's claim. Can parol evidence be admitted for the purpose of proving the consideration for such a contract? If it can, then appellee has sustained the defense made by his second paragraph of answer, and the evidence objected to by appellant was properly admitted.

Antenuptial contracts are favored by the law. They adjust property questions and promote domestic happiness. In such contracts no formality is required, and a liberal construction will be given them, in every case giving effect, if possible, to the intention of the parties. *Buffington* v. *Buffington,* 151 Ind. 200; *Kennedy* v. *Kennedy,* 150 Ind. 636; *McNutt* v. *McNutt,* 116 Ind. 545, 2 L. R. A. 372.

The rule is well established that parties contemplating marriage may orally agree as to the disposition of their property, and they may confirm such agreement in writing after marriage. *Buffington* v. *Buffington, supra; Claypool* v. *Jaqua,* 135 Ind. 499. Such contracts are upheld in equity. *Leach* v. *Rains,* 149 Ind. 152. And it is not necessary to their validity that anything should have been paid by the wife to the husband, or that the consideration therefor should be stated in the contract. 6 Am. & Eng. Ency. of Law (2nd ed.) 758; §6630 Burns 1894.

It is the rule in Indiana that either party may show the true consideration for any purpose except to *defeat* the operation of the conveyance. *Nichols, etc., Co.* v. *Burch,* 128 Ind. 324; *Smith* v. *McClain,* 146 Ind. 77.

And it has been held that a contract between husband and wife, free from fraud or undue influence on his part, whereby the wife releases her right of inheritance in the husband's property, *if she survives him,* is valid. *Leach*

v. *Rains,* 149 Ind. 152; *Dakin* v. *Dakin,* 97 Mich. 284, 56 N. W. 562; *Chittock* v. *Chittock,* 101 Mich. 367, 59 N. W. 655; 2 Beach on Cont., §954. See, also, *Hilbish* v. *Hattle,* 145 Ind. 59, 33 L. R. A. 783; *Glenn* v. *Clark,* 53 Md. 580.

That a husband may by contract release his right to inherit the property of his wife, if he survives her, has never been questioned. *Leach* v. *Rains, supra.*

The marriage was a sufficient consideration for the contract waiving any interest in the estate of his wife in the event he survived her. It was said in *Leach* v. *Rains, supra:* "Appellant's capacity to contract was not impaired by the marriage. He possessed the same power to contract after his marriage as before. He could release his right in the property of his wife during the marriage and his right to inherit from her afterwards, the same after his marriage as before." In the case at bar, the agreement was mutual, entered into before the marriage, but in contemplation of marriage. The agreement to marry was the consideration for the contract, which provided for the disposition of the property of the contracting parties. After the marriage the contract was reduced to writing. The evidence which was introduced over appellant's objection did not, as is contended by counsel for appellant, tend to change or vary the terms of the written contract, and was not introduced for that purpose, and could not have been used to prove the terms of the contract. It simply went to the question of consideration.

We think the contract entered into between husband and wife in this case a valid and enforceable one, and that the evidence objected to was properly admitted for the purpose of showing the consideration for the contract, if, indeed, it was necessary, under the issues, for the appellee to make any such proof. We find no error. Judgment affirmed.