## KOONTZ v. KOONTZ.

[No. 12,717.   Filed May 18, 1927.]

1. HUSBAND AND WIFE.—*Evidence held sufficient to sustain finding of antenuptial agreement.*—Evidence *held* sufficient to support a finding that decedent and his widow had entered into a written agreement prior to their marriage that neither of them would claim any interest in the estate of the other. p. 208.

2. HUSBAND AND WIFE.—*Verbal antenuptial agreement reduced to writing after marriage is valid.*—A verbal antenuptial agreement relating to real estate may, after marriage, be reduced to writing and signed by the parties, and such contract will then be enforced.   p. 208.

3. DESCENT AND DISTRIBUTION.—*Widow of decedent barred from claiming interest in husband's land where verbal antenuptial agreement reduced to writing after marriage.*—The widow of a decedent who has entered into a verbal antenuptial agreement that she would claim no interest in the husband's property at his death is barred from any interest in his real estate where such agreement was reduced to writing after the marriage.   p. 208.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Action to quiet title by Samuel Koontz against Ina Koontz, wherein the latter filed a cross-complaint. From a judgment for plaintiff and denying the defendant any relief on her cross-complaint, the defendant appeals. *Affirmed.* By the court in banc.

*O. W. Nichols, Parker, Crabill, Crumpacker & May* and *W. S. Carlisle,* for appellant.

*James C. Fletcher, Charles H. Peters* and *William J. Reed,* for appellee.

ENLOE, J.—Samuel E. Koontz died, intestate, in St. Joseph county, Indiana, April 17, 1922, leaving the appellant, his widow, and his father, Samuel Koontz, the appellee herein, and two sisters as his only heirs at law. At the time of his death, he was the owner of certain lands in Starke county, Indiana, and this action was

brought by the appellee to quiet his title thereto, as against the appellant, to an undivided portion thereof. The appellant filed her disclaimer of any interest in an undivided one-fourth (¼) of said lands and also filed her cross-complaint seeking to have her title quieted as to the undivided three-fourths (¾) of said land. The cause being at issue was submitted to the court for trial. There was a special finding of facts and conclusions of law, followed by a decree quieting the title of appellee in and to the undivided one-half (½) of said land, and denying the appellant any relief whatever. The appellant relies for a reversal upon the action of the court in overruling her motion for a new trial.

The entire controversy in this case centers around the eleventh special finding which was as follows:—

"The court finds it to be a fact that the cross-complainant herein, Ina Koontz, was married to Samuel E. Koontz, on the 10th day of November, 1909. That Samuel E. Koontz died on the 17th day of April, 1922. That Ina Koontz's name, prior to her marriage to Samuel E. Koontz, was Ina Hudelmyer. That on the 8th day of November, 1909, Samuel E. Koontz, deceased, and the cross-complainant herein, in consideration of marriage and one dollar paid by each contracting party to the other, entered into a written contract whereby the said parties consented and agreed, each with the other, that neither should have possession of or acquire any title or interest in or to any property, real or personal, of which the other should be, at the time of the marriage, seized or possessed. That in said contract the parties also covenanted and agreed with each other, their heirs, executors, administrators and assigns, not to claim any right, title or interest in and to the property of the other by virtue of said marriage, and agreed to waive the right to inherit, each from the other, and did release and discharge the other

from any and all claims of dower, or the right of either party to inherit from the other at the death of either, and that each should have entire and free disposition of his or her own estate and choses in action, and that, in the event of the death of either, the survivor should have no claim or demand, right, title or interest whatever in or to any of the real estate or personal property of the other. That said instrument was acknowledged before J. Willis Cotton, Notary Public, on the 28th day of January, 1910. That Samuel E. Koontz signed his name S. E. Koontz, and the defendant and cross-complainant signed her name, Ina Hudelmyer. That said written instrument, so signed and acknowledged by the parties, is as follows: (here follows copy of said contract)."

The first paragraph of said agreement, and the only part of said agreement which we deem necessary to set out in this opinion, was as follows:—"This Indenture made this 8th day of November, 1909, by and between Samuel E. Koontz, of Walkerton, St. Joseph county, of the first part, and Ina Hudelmyer, widow of Delbert N. Hudelmyer, of Walkerton, St. Joseph county, Indiana, party of the second part, witnesseth:" Then followed the mutual agreement of the parties, as embodied in the finding before set out. The said contract concluded as follows:—"In witness whereof the said parties to this contract have hereunto set their hands and seals, to this contract, made in duplicate, the day and year above written." Here we have the declaration of the parties, in the contract itself, as to the time when the same was signed, November 8, 1909, and this is certainly some evidence as to the time when the same was executed, and is sufficient to support the finding in question. But, it is the settled law of this state that a contract, such as the one here involved, if made before marriage, may, after marriage,

he reduced to writing and duly signed by the parties, in accordance with their previous agreement, and such contract will then be enforced. *Buffington* v. *Buffington, Exr.* (1898), 151 Ind. 200, 51 N. E. 328; *Moore, Admr.,* v. *Harrison, Admr.* (1901), 26 Ind. App. 408, 59 N. E. 1077. So it follows that even if said contract was not in fact signed until January 28, 1910, as contended for by appellant, yet, if then executed in the carrying out of a prior agreement, made before marriage, it is still good and is effective to bar the appellant of any right in and to any interest in the estate of her deceased husband.

We find evidence sufficient to support the finding in question, and the decree is affirmed.