Ira Davis v. Solomon M. Field.

*Legal Tender Act.   Power of the Court in rendering judgment.*

Under the laws of Vermont the courts have no power, in rendering judgment on a demand note dated before the act of Congress was passed making greenbacks a legal tender, to order payment in the specie currency of the United States, or its equivalent in legal tender notes. There is no law authorizing a special order as a part of the judgment, either to go into the record, or to be endorsed on the execution, as to the manner in which that execution shall be satisfied; nor can the court pronounce in advance what will satisfy it.

This was an action upon a promissory note dated March 11, 1861, payable to the plaintiff or his order, on demand.

The only question in dispute was whether the defendant was at liberty to pay the balance due on the note in United States legal tender notes at par. The plaintiff claimed that his judgment or execution for said balance should entitle him to insist on payment thereof in the specie currency of the United States, or to its equivalent in legal tender notes. The court held otherwise, and held that the defendant could not be required to pay said balance otherwise than in legal tender notes of the United States at par, and rendered judgment accordingly. To all which the plaintiff excepted.

The case was tried at the February term, Orleans county, 1870, STEELE, J., presiding.

*J. T. Allen* and *R. C. Benton*, for the defendant.

*Bisbee & Grout*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. In this cause we see no course to be taken by this court but to affirm the judgment of the county court, entirely irrespective of our views as to the construction, force and effect of the law of Congress making greenbacks a legal tender. "The plaintiff claimed that his judgment or execution for said balance should entitle him to insist on payment thereof in the specie currency of the United States, or to its equivalent in legal tender notes. The court held otherwise, and held that the defendant could not be required to pay said balance otherwise than in legal tender notes of the United States at par, and rendered judgment accordingly."

The note in suit was for a certain sum specified in dollars and cents—the denominations of our currency—and nothing more. The amount due is to be ascertained by computing interest on that sum in the denominations of the same currency. That amount is to be stated in the denominations of our currency. Those denominations are the same and signify the same whether applied to gold or to paper currency. The judgment is rendered for the amount ascertained by the computation just named, and rendered in the

Davis v. Field.

denominations of our currency for so many dollars and cents. This was so done in the present case, without any question being made as to the correctness of the mode of doing it. What the plaintiff required was, that, in addition to rendering judgment for the sum thus found to be due, the court should decide "that his judgment or execution should entitle him to insist on payment thereof in the specie currency of the United States, or its equivalent in legal tender notes." That claim by the plaintiff did not present a subject for adjudication by the court, as the cause was then conditioned. Under the law as it is now and always has been in this state, a court of law, in rendering judgment for a specific sum in an action of assumpsit, has nothing to do with the manner in which the judgment or execution on it shall be satisfied. The execution is issued on the judgment for the sum named in the judgment, and the precept of the execution is that the officer get that sum of the debtor. The court can make no special order as part of the judgment, either to go into the record, or to be endorsed on the execution, as to the manner in which that execution shall be satisfied; nor can the court pronounce in advance what will satisfy it. The difficulty in the way of what the plaintiff sought to accomplish by his claim to the court is, that at present there is no law in this state that authorizes or enables the court to make the order that was asked for. If it were to be held that he is entitled to have his debt paid in specie instead of greenbacks at par, whether he could secure that result under the general issue on the question of damages, or whether some legislation may be necessary to that end, we do not advise or indicate. In the present posture of this cause, members of the court have not felt called upon to give such consideration to the main questions discussed in the arguments as they would deem it their duty to do in order to justify the expression of opinion upon them.

The judgment is affirmed.