CASE 41.—ACTION BY FRED BROWN AGAINST THE THOMAS BLACKWELL COAL & MINING CO. TO RECOVER DAMAGES FOR PERSONAL INJURIES.—January 17.

# Brown v. Thomas Blackwell Coal and Mining Company

Appeal from Webster Circuit Court.

J. W. HENSON, Circuit Judge.

From a judgment sustaining a demurrer to his petition plaintiff appeals. Affirmed.

1. Pleading—Form of Allegation—Matters of Fact—Pleading Legal Effect.—The allegation that plaintiff was "invited" to use the blacksmith shop of defendant is a conclusion of the

plaintiff from what passed between himself and the defendant, with reference to his right to enter or use the shop.

2. Same—Construction.—In an action for personal injuries received in defendant's blacksmith shop, it was alleged that plaintiff was "invited" by defendant to use the shop at his pleasure. It was not alleged by what particular officer or agent of defendant the alleged invitation was given, and the petition was also silent as to the language employed at the time. It was not alleged that plaintiff accepted the invitation, nor that the shop was being used by defendant on the day of plaintiff's accident, nor that the plaintiff entered the shop by defendant's invitation on that day extended; the alleged invitation, according to the petition, having been given on a previous occasion. Held, that the meaning of the petition was that plaintiff had the permission or consent of defendant to use the shop; hence, what plaintiff designated as an "invitation" was but a license.

3. Negligence—Dangerous Substances—Care Due to Licensees.— Plaintiff was a licensee with a right to use a blacksmith shop maintained for defendant's private use. Plaintiff entered the shop for the purpose of doing some work, but it did not appear that defendant or its agents had any knowledge of this. During his work a spark from the anvil fell into a keg of blasting powder, and as a result of the explosion plaintiff was injured. The powder was uncovered, and it did not appear that its presence was unknown to plaintiff or could not by the exercise on his part of ordinary care have been discovered, nor that the shop had not previously been used to store powder. There was nothing to show that its presence therein at any time was a nuisance or dangerous to the public. Held, that defendant was not liable for injuries sustained by plaintiff.

4. Same—Contributory Negligence—Licensee.—A licensee of the right to use a blacksmith shop is bound to exercise ordinary care for his own safety.

CARL HENDERSON, attorney for appellant.

BOURLAND & HUNT, attorneys for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment sustaining a general demurrer to the appellant's petition, and dismissing the action following his refusal to amend.

After setting forth the corporate existence and powers of appellee, and that its business is that of mining and shipping coal, the petition further alleges that: "Defendant owned, controlled, and operated a blacksmith shop in connection with its mines, at or near the said mines in Webster county, Kentucky, on said date, as well as prior thereto, and since said time, which shop was used by defendant for heating, hammering, welding, and moulding iron, steel, and other hard substances, to be used about said mines; that plaintiff just prior to the said —— day of August, 1905, had been engaged by defendant as a blacksmith to labor in said shop as such smith, but that plaintiff's contract of employment as such smith had expired a very few days before the time of the grievances hereinafter complained of, and the injury to plaintiff occurred; that after plaintiff's term of employment had expired as above stated plaintiff was invited by defendant to go into said shop and perform such labor as he might desire, and was invited to use the said shop by defendant at plaintiff's pleasure; that on the said—— day of August, 1905, in accordance with said invitation, plaintiff went into said shop for the purpose of shaping a piece of iron, and after heating said piece of iron plaintiff attempted to shape same by striking it with a hammer kept in said shop for that purpose, when a spark from said iron fell into a keg of blasting powder which had been stored in said shop, and which, at the time, was uncovered, causing same to explode, together with large quantities of other powder and dynamite, all of which had been placed and allowed to remain in said shop by defendant without plaintiff's knowledge, said shop being in continuous use at said time as a blacksmith shop for the purpose for which plaintiff was then using same, and many persons had

been passing in and out of said shop at all times, same being permitted by defendant; that plaintiff was as the result of said explosion violently thrown, bruised, mangled, and burned from head to foot by reason of said explosion, which was the direct result, and caused by the willful, criminal, and gross negligence of defendant in storing and placing said explosives in said shop, where defendant well knew same was dangerous to human life; that by reason of defendant's said willful, criminal, and gross negligence, plaintiff was seriously and permanently injured and damaged in the sum of $2,000.    *    *    *''

It will be observed that the petition does not allege that the blacksmith shop was being used by appellee on the day or at the time of appellant's receiving his injuries, or that any of appellee's agents or employes were then in or about the shop. It is not averred that appellant entered the shop by appellee's invitation at the time or on that day extended. The alleged invitation to use the shop at his pleasure was, according to the statements of the petition, given appellant on some previous occasion (though the particular officer or agent of appellee by whom it was given is not named in the petition, which is also silent as to the language employed at the time), nor does the petition allege that appellant accepted the invitation. The averment that appellant was "invited" to use the shop is a conclusion of the pleader from what passed between himself and his former employer with reference to his right to enter or use the shop where he had been accustomed to work. In view of all that is said in the petition in respect to his use of the shop, and the reasonable inference deducible therefrom, we are of opinion that its fair meaning is that appellant had the permission or consent of appellee to use the shop. Therefore what the pleader designates an "invita-

tion'' was in truth but a license. ''The owner or occupier of real estate owes certain duties to those who come thereon according to the cause of their entry and the nature of the danger to which they are exposed. The duty to a trespasser is only against active injuries, and to a licensee it is to give notice of hidden dangers or traps; while, to invite a person, the owner is bound to use reasonable care, having respect to the person and character of the business to be carried on, to save his guest from injury while upon the premises.'' Jaggard on Torts, volume 2, section 258; White on Personal Injuries in Mines, section 533.

It does not appear from the averments of the petition that appellant was a licensee upon the premises under an arrangement for the mutual benefit of appellee and himself, which could have imposed upon appellee the duty of maintaining the premises in a reasonably safe condition for his use, as for an employe or guest. In view of the failure of the petition to allege the acceptance by appellant of appellee's offer of the use of the shop, or to fix any time for appellant's availing himself of the license from appellee to use it, he ought, in order to make the latter responsible for the injury claimed to have been sustained from his attempted use of the shop, at least allege that it knew or was informed of his purpose of then entering the shop. It is not so alleged, or that any agent or servant of appellee was in or near the shop on the occasion of appellant's receiving his injuries. It is apparent from the language of the petition that the blacksmith shop was not maintained by appellee for the benefit of the public, but for its own private use. It is not alleged that any work was done in it for the public. It is true that the averment is made that ''many persons had been passing in and

out of said shop at all times, same being permitted by defendant,'' but the connection in which this statement appears creates the inference that the persons referred to were not in or about the shop when appellant was injured, and they were employes of appellee, engaged in its service from time to time in and about the shop. It does not appear from the allegations of the petition that the blacksmith shop had not previously been used as a depository for blasting powder and dynamite, or that its presence therein at any time was a nuisance, or dangerous to the public.

The petition does not allege that the explosives in question were concealed, or so situated as to make it difficult for one entering the shop to discover them. On the contrary, it admits that the blasting powder ''at the time was uncovered,'' and by reason thereof the spark which fell in it caused the explosion. If the powder was uncovered, appellant upon entering the shop ought to have seen it. It is not alleged that he did not see it, or know the danger caused thereby, or that by the exercise of ordinary care he could not have done so. The averment of the petition that the explosives were placed in the shop by appellee without appellant's knowledge is not broad enough to exclude the inference, deducible from the admission as to the powder being uncovered and near enough to receive a spark from the anvil, that its presence was not discovered by him upon entering the shop, or that by the use of ordinary care it could not have been known to him in time to avoid the injuries he sustained.

In using appellee's shop as a licensee, appellant could not close his eyes to a patent danger, but was required to exercise ordinary care for his own safety. Therefore, if the presence of explosives in the shop made it highly dangerous for appellant's use, he cannot recover of appellee for the injuries he sustained,

unless the presence of the explosives in the shop was unknown to him, and could not, by the exercise on his part of ordinary care, have been discovered in time to prevent his injuries.

In our opinion the petition does not state a good cause of action. Therefore the demurrer was properly sustained.

Judgment affirmed.