JOSEPH KUBINAK v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY.

Submitted December 3, 1909—Decided February 21, 1910.

In an action to recover damages for injuries arising from the alleged failure of a railroad company to exercise care for the safety of those using a crossing, the declaration charged that the defendant constructed and maintained said crossing at grade over its railroad and the defendant there invited, induced and lured the public to use the crossing, and the public had been accustomed to use the crossing at the invitation and with the knowledge and consent of the defendant, on demurrer—*Held*, that the words "invited, induced and lured," as here used, are mere conclusions of law; that unless an invitation in its legal sense can be inferred from the facts alleged in the declaration the passing over the crossing must be put upon the ground of mere license or permission; that the pleading is barren of such facts and hence disclosed no duty imposed upon the defendant to exercise care, which is the gist of an action for negligence.

---

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, *Herbert Clark Gilson.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

VOORHEES, J. This is a demurrer to a declaration in an action to recover damages for injuries sustained while crossing

the railroad of the defendant. The declaration alleges that the defendant permitted a footway to be established along its said railroad at and near the fire proofing works in Perth Amboy. It is not shown that it established the footway or that the footway was upon the railroad property. It continues: "And constructed and maintained a crossing at grade over its railroad at the place aforesaid." It is not shown where this crossing led or what its purpose of maintenance was. The declaration then states: "And the defendant then and there invited, induced and lured the public, or such part thereof as had occasion or cared to use the footway and crossing, to walk along and over its railroad, and the public had then and there been accustomed to use the footway and crossing for many years at the invitation and with the knowledge and consent of the defendant." Of course the word "invitation" as here used is a mere conclusion of law. *Kennedy* v. *North Jersey St. Ry. Co.,* 43 *Vroom* 19. That case holds that circumstances from which invitation, in its legal sense, is fairly inferable, must be stated in the pleading, and the basis for the legal liability of the defendant is then properly laid, but the mere allegation of the pleader's conclusion from inadequate or undisclosed facts tenders no such issue. The same may be said of the words "induced and lured." The fact that the public had been accustomed to use the footway and crossing are not aided by the use of the words "at the invitation of the defendant," and customary use, even with the knowledge and consent of the defendant, does not amount to an invitation to use the same, nor can invitation be inferred from the use of the words "accustomed" "and with the knowledge and consent of the defendant," for they would indicate nothing more than a permission or mere license. Furthermore, there are very respectable authorities which hold that a person who goes upon the lands of another for his own convenience or as a mere licensee is not there by invitation. *Plummer* v. *Dill*, 156 *Mass.* 426. In that case it is said: "It is well settled in *Southcote* v. *Stanley,* 1 *H. & N.* 247, which was a case of a guest receiving gratuitous favors of another has no such relation to the other as to create

the duty to make the place where hospitality is tendered safer or better than it is," and continues: "It is well settled there that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant." So, it was held in *Larmore* v. *Crown Point Work,* 101 *N. Y.* 391, that a person who entered on the defendant's premises to see if the defendant would give him employment, was a mere licensee, and that the defendant was not liable for injury caused by the unsafe condition of the place. There are many cases where the language indicates that the invitation extends only to those who come on business connected with that carried on at the place and for the transaction of which the place is apparently intended. So in *Severy* v. *Nickerson,* 120 *Mass.* 306. See cases collected in *Plummer* v. *Dill, supra.*

It is clear that unless an invitation in its legal sense can be inferred from the allegations in the declaration, the passing over the crossing must be put on the ground of mere license or permission, and it was held in *Guinn* v. *Delaware and Atlantic Telephone Co.,* 43 *Vroom* 278, that "a landowner, may in fact reasonably anticipate an invasion of his property, but in law he is entitled to assume that he will not be interfered with * * *. The exemption of the landowner from liability as to trespassers and licensees is necessary to secure him the beneficial use of his land." See, also, *Sutton* v. *West Jersey and Seashore Railroad Co.,* 49 *Id.* 19.

The railroad company is here the owner of the premises on which the crossing is placed. Where the crossing leads to, for what purpose it was placed, whether to other parts of the premises of the defendant, has not been stated and not being fortified by the use, as above stated, of the word "invitation," the measure of the duty of the landowner with regard to trespassers or licensees is only to abstain from willful acts. There

is no liability for negligence except as to those persons upon the owner's lands by invitation, express or implied.

In *Devoe* v. *N. Y., O. & W. R. R. Co.*, 34 *Vroom* 279, Mr. Justice Depue said in a case where the company had acquiesced in the use of its premises by the public in crossing its tracks, "to sustain the suit, the counsel must make out of these facts an invitation to persons to use this crossing as the deceased was using it when she was hurt; for it is established law that use even with the knowledge of the owner of lands by sufferance, acquiescence or permission, creates no duty on his part, except to refrain from acts willfully injurious. The phrase 'accustomed use' has been declared in its broadest sense to be misleading, in that it would apply to the case of an owner who suffers his land to lie waste, over which the public, by his passive acquiescence, was permitted to pass and repass at pleasure," and quoting *Turess* v. *N. Y., S. & W. R. R.*, 32 *Id.* 318, where he says: "The Chief Justice in the last-cited case distinguished an entry and use by invitation from an entry and use by mere permission, as follows: 'In the case of an implied invitation the relation is imposed upon the owner or occupier of land only when he has done something which justified one who enters upon his land and makes use of it or something upon it in believing that he intended such use to be made; and he who makes such use can claim the relation only when he is justified by the acts or conduct of the owner or occupant in believing that such use was intended,'" and in concluding the opinion in the DeVoe case the court said: "There are no facts and circumstances which could be construed as an invitation to the deceased to use the company's grounds for the purpose for which she was using them, and there should have been a nonsuit." See, also, *Phillips* v. *Library Company,* 26 *Id.* 307. *Furey* v. *N. Y. C. & H. R. R. R. Co.,* 38 *Id.* 270, is not to the contrary.

The declaration does not disclose by facts and circumstances therein alleged for what purpose the plaintiff was using the crossing or that it was in accordance with the design for which it was adapted and allowed to be used. The allegations are

barren of facts from which it can be concluded that the plaintiff was invited to use the crossing and from which a duty is imposed upon the defendant to exercise care for the plaintiff, which is the gist of an action for negligence.

The demurrer will be sustained.