## JOHN HESS, PLAINTIFF IN ERROR, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT IN ERROR.

Submitted December 9, 1912—Decided April 24, 1913.

1. A declaration which avers that a street car of defendant was by its servants slowed down almost to a standstill upon notice by plaintiff to defendant's servants operating the car, for the purpose of permitting plaintiff safely to board such car as a passenger, and that said defendant by its servants then and there requested plaintiff to board said car to become a passenger therein, and that while said plaintiff was so boarding said car it was suddenly speeded up, to plaintiff's injury, is not bad on general demurrer.
2. The word "request" in such declaration does not imply a conclusion of law.
3. *Kennedy* v. *North Jersey Street Railway Co.*, 43 *Vroom* 19, distinguished.

---

On error to the Supreme Court, which affirmed a judgment for defendant in Essex Circuit Court, sustaining a demurrer to the declaration.

For the plaintiff in error, *Harry Kalisch.*

For the defendant in error, *Leonard J. Tynan.*

The opinion of the court was delivered by

PARKER, J.   The declaration followed so closely the language of the declaration in the Supreme Court case of *Kennedy* v. *North Jersey Street Railway Co.*, 43 *Vroom* 19, that the judge of the Circuit Court felt himself controlled by that decision, and the Supreme Court on writ of error concurred in that result.   As in the Kennedy case, the negligent act counted on was the sudden starting—or more accurately, speeding up—of a slowly-moving street car as an intending passenger was in the act of boarding it, and the critical point in the declaration was the presence or absence of legally sufficient allegations of fact which if true would give plaintiff a *status* as an intending passenger and thereby raise a duty of care on the part of the defendant.   To do this it was necessary to plead facts from which it would appear that plaintiff was invited, in the legal sense, to board the car.   In the Kennedy case the Supreme Court held that the word "invited" in the declaration was used in its legal sense and stamped the allegation as a conclusion of law rather than a statement of fact, and, consequently, vitiated the pleading.   In the case at bar the plaintiff's attorney has endeavored to avoid the vice thus pointed out, by substituting the word "requested" for "invited," and stating that plaintiff had notified the servants of defendant operating the car to stop, and that the car was slowed, &c., for the purpose of permitting the plaintiff to board it.   The exact language follows:   *   *   *   "that whereas on the day and year aforesaid the said car came nearly to a standstill at the instance and request of the said plaintiff, upon notice given by the said plaintiff to the said defendant, by its servants operating said car on said Broad street, and the said defendant by its servants then and there requested him, the said plaintiff, to board and enter said car to become a passenger in said car to be safely and securely carried by the said defendant, in the said car, upon and along said Broad street, for hire and reward to be paid by the said plaintiff to the said defendant in that behalf; and the said plaintiff avers that while he, the said plaintiff, was then and there lawfully attempting to board and enter said car in pursuance to said

request of the said defendant by its servants, the said defendant having then and there slackened and slowed down the speed of said car almost to a standstill for the purpose of permitting the said plaintiff to board and enter said car safely, the said defendant by its servants then and there carelessly, negligently and improperly suddenly accelerated the speed of said car, without then and there giving any notice or warning to the said plaintiff, thereby dragging and throwing the plaintiff violently to the ground and then and there seriously and painfully injuring him."

The Kennedy case was followed by the Supreme Court in *Kubinak* v. *Lehigh Valley Railroad Co.,* 50 *Vroom* 438, but does not appear to have been considered in this court. Accepting as correct for present purposes the ruling that the word "invited" in that declaration, without more, set up only a conclusion of law (and this is supported by outside authority, 31 *Cyc.* 61; *Brown* v. *Coal Company,* 124 *Ky.* 324), we are of opinion that the alterations and additions in the present declaration are enough to uphold it as against a general demurrer. The rule is, of course, fundamental that the pleading must state facts and not conclusions of law. But equally fundamental is the rule that things should be pleaded according to their legal effect. *Steph. Pl.* (*Tyler ed.*) 341, and this is not confined to deeds, contracts, &c., but extends to all matters or transactions whatever which a party may have occasion to allege in pleading and in which the form is distinguishable from the legal effect. *Id.* 342. Common instances of such pleading are the allegations that a party undertook and promised to pay (2 *Chit. Pl.* (*7th Am. ed.*) 37 *et seq.*) ; that defendant converted plaintiff's property to his own use (*Id.* 837) ; that the plaintiff is the heir-at-law of A (*Id.* 1330) ; that plaintiff was ready and willing to perform (*Id.* 265) ; that plaintiff was in lawful possession of land (*Id.* 788) ; that an endorser had notice of the dishonor of negotiable paper (*Id.* 132) ; that plaintiff was seized in his demesne as of fee in lands and premises (*Id.* 865) ; that the defendant disseized the plaintiff thereof (*Id.*), and so on. All these are familiar clauses in the standard forms. *Per*

*contra*, the pleading should not state mere matters of evidence. The distinction under code practice appears to be between what are known as ultimate facts and evidentiary facts. 31 *Cyc.* 70. Plainly, it would have been improper to detail in this declaration the words of a colloquy between the plaintiff and the conductor, in which the conductor told him to get aboard and that he would be quite safe in doing so, &c. The transaction had to be epitomized in some way without pleading a legal conclusion; and we consider that the use of the word "requested," especially with the additional statements that the car was slowed down upon notice, and that it was slowed down for the purpose of permitting plaintiff to enter, differentiates this declaration from that in the Kennedy case, and that it is good on general demurrer. The word "request" and the word "notice" are two of the commonest words used in recognized precedents. 2 *Chit. Pl.* 37, 132 *et passim*. Both, in the language of the authority just cited, set up ultimate facts as distinct from evidentiary facts, and it cannot be successfully maintained that either was faulty as importing a conclusion of law. So, we gather from this declaration (after the allegations, not questioned as to sufficiency that defendant was operating a street car, &c.), that plaintiff desiring to become a passenger gave notice to defendant's servants to stop the car; that they slowed the car almost to a standstill for the purpose of permitting plaintiff to board the car, and requested him so to board it; and that while he was in the act of boarding the car it was suddenly speeded up and plaintiff injured. Whether the request to plaintiff to board the car was one that was made manifest to him by words, signs or actions, is something that must be left to the evidence or to a bill of particulars to disclose; but, as before intimated, we consider that the language of the present declaration fairly sets up facts, not necessarily evidential facts but ultimate facts, from which a legal conclusion of invitation is to be deduced, and therefore is not insufficient in law upon any ground set up in the causes of demurrer or urged in the argument. It follows that the judgment of the Supreme Court should be reversed and the record remitted to the Circuit Court, to the end that the defendant

may apply there for leave to withdraw its demurrer and plead to the merits. *Tomlinson* v. *Armour & Co.,* 46 *Vroom* 748, 762.

*For affirmance*—VOORHEES, BOGERT, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, MINTURN, VREDENBURGH, CONGDON, WHITE, JJ. 9.