SMITH AND NYE, EXRS. *v.* WINGATE W. MUNSELL ET AL.

February Term, 1920.

Present:    WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.·

Opinion filed May 5, 1920.

*Statute of Frauds—Oral Contract in Consideration of Marriage —Reduction to Writing After Marriage Removes Same From Statute—Exclusion of Evidence Harmless—Question Not Raised Below Not Considered.*

1. Where the master's finding that the defendant was not defrauded in the execution of certain written contracts was supported by substantial evidence, he committed no error in failing to find that the defendant was fraudulently coerced into signing the contracts.

2. An oral contract in consideration of marriage is not illegal or void under the statute of frauds; the statute only affecting the matter of evidence by which such a contract may be proved.

3. An oral antenuptial contract, by being reduced to writing after the marriage, is taken out of the statute of frauds, and can be enforced.

4. The exclusion of defendant's evidence contradicting plaintiff's claim that the oral antenuptial contract had been taken out of the statute of frauds by performance by the parties was harmless, in view of the Supreme Court's holding that the contract was taken out of the statute by being reduced to writing after the marriage.

5. A claim not raised and passed upon by the court below cannot be raised in Supreme Court.

APPEAL IN CHANCERY. Bill for specific performance to compel the defendant Munsell to perform the specific terms of two contracts. Heard on the bill, answer, replication, special master's report, and defendants' exceptions to the same, at the September Term, 1919, Franklin County, *Chase*, Chancellor. Decree for the plaintiffs. Defendant Munsell appealed. The opinion states the case.

*D. W. Steele* and *F. L. Webster* for the defendant.

*C. G. Austin & Sons* for the plaintiffs.

MILES, J. The defendant and Hannah (Smith) Skeels on the 28th day of August, 1899, were joined in marriage. Both were advanced in years, and each had been previously married. Neither had children at the time of the marriage, nor have they had any since. April 27, 1914, Mrs. Munsell died, leaving an estate slightly in excess of $15,000. . Previous to her death she made her will devising and bequeathing her real and personal property to her relatives without leaving anything to the defendant. The defendant filed in the probate court his waiver of the

provisions of his wife's will. This bill is brought to enjoin the defendant from claiming any of his deceased wife's estate, and for specific performance of a verbal antenuptial contract, reduced to writing subsequent to the marriage, and a written postnuptial contract, containing substantially the same terms as are contained in the alleged antenuptial contract. Both of these written contracts were executed by the defendant and his wife November 16, 1901.

The defendant denied in his answer that he ever made any verbal antenuptial contract, and claims that he executed the contracts in writing without knowing their contents and through fraud and coercion.

The case was referred to a special master to find and report the facts. The case was subsequently heard by the master, and his report was filed with the chancellor, who made his decree, overruling certain exceptions by the defendant to the master's findings of certain facts, and decreeing that defendant Munsell had no right, title, or interest in his wife's estate, and was not entitled to any part of it. The chancellor further decreed specific performance of the antenuptial and postnuptial contracts, and directed the defendant Munsell to execute and deliver to the orators and executors of the estate, within thirty days of the date of the decree, a full and complete release and discharge of all interest that he might have in the estate of his deceased wife.

From this decree the defendant appealed to this Court. The exceptions relied upon by the defendant in his brief are to the exclusion of certain testimony of the defendant by the master, to the admission of testimony tending to show a verbal antenuptial contract, and to the admission of the written antenuptial and postnuptial contracts, and to the master's failure to find that the defendant entered into those contracts through undue influence and fraudulent practices.

[1] In considering these exceptions we take them up in the inverse order in which they are stated above. The defendant calls our attention to much evidence produced before the master, which he claims is of such a character as to require this Court to say, as a matter of law, that the defendant was defrauded and coerced into executing the contracts in question. The answer to this claim is that the master has found that the defendant was not defrauded in the execution of the written contracts, and there

is substantial evidence supporting that finding. No citation of authorities is necessary, under this state of facts, to support the holding that no error was committed by the master in failing to find that the defendant was fraudulently coerced into signing the written contracts.

The second exception taken by the defendant is founded upon the claim that the alleged verbal contract is within the statute of frauds, and not binding in law or equity, and that the bar was not removed by reducing the contract to writing after the marriage. The plaintiffs contend that the written antenuptial and postnuptial contracts, which the master has found were made after the marriage, removed the bar and took the verbal antenuptial contract out of the statute, as was intended when those written contracts were made; that, if those writings are not sufficient to remove the bar, the statute of frauds was not properly raised below, and therefore cannot be availed of by the defendant to defeat the plaintiffs' right to the relief prayed for. If those contracts have removed the bar created by the statute of frauds, which the defendant claims attached to the verbal antenuptial contract, it will be unnecessary to consider whether the statute was or was not properly raised below; for in that case that defence goes out of the case. We, therefore, take up the question of what effect, if any, those contracts had upon the previous verbal contract, if that contract was within the statute of frauds, as claimed by the defendant.

[2, 3] The master has found upon substantial evidence that Munsell and his wife entered into a verbal antenuptial contract, as alleged in the plaintiffs' bill; that after the marriage that contract was reduced to writing in the form of antenuptial and postnuptial contracts. In considering this exception it should be kept in mind that the lack of a writing does not render a contract in consideration of marriage in any way illegal or void under the statute. The statute only affects the matter of evidence by which such a contract may be proved. *Child* v. *Pearl,* 43 Vt. 223, 230. If, then, the evidence required by the statute can be supplied, the statute cannot be availed of by the defendant. The plaintiffs claim that it has been supplied by reducing the verbal antenuptial contract to writing before suit was brought. This claim seems to be. supported by *Ide & Smith* v. *Stanton,* 15 Vt. 685, 40 A. D. 698. While the facts in that case are some- what dissimilar to those in this case, the principle there in-

volved is similar to the one here involved. It is there held that the statute has never required that the written evidence should be created at the time of making the contract, and that a written admission of a previous verbal contract will satisfy the statute. To the same effect is the rule laid down in Brown on Frauds (2nd ed.) 222-224, inclusive; *Moore* v. *Harrison,* 26 Ind. App. 408, 59 N. E. 1077; *Claypool* v. *Jaqua,* 135 Ind. 499, 35 N. E. 285; *Buffington* v. *Buffington,* 151 Ind. 200, 51 N. E. 328; *Argenbright* v. *Campbell,* 3 Hen. & M. (Va.) 144; *Satterthwaite* v. *Emley,* 4 N. J. Eq. 489, 43 A. D. 618; *Frazer* v. *Andrews,* 134 Iowa 621, 112 N. W. 92, 11 L. R. A. (N. S.) 593, 13 Ann. Cas. 556; *Kohl* v. *Fredrick,* 115 Ia. 517, 88 N. W. 1055; *McNutt* v. *McNutt,* 116 Ind. 545, 19 N. E. 115, 2 L. R. A. 372; *Rowell* v. *Barber,* 142 Wis. 304, 125 N. W. 937, 27 L. R. A. (N. S.) 1140; *Dundas* v. *Dutens,* 1 Ves. Jr. 196, 2 Cox 235; *Mountacue* v. *Maxwell,* 1 Strange 235; 20 Cyc. 158 D.

As authorities holding otherwise, *McAnnulty* v. *McAnnulty,* 120 Ill. 26, 11 N. E. 397; 60 A. R. 552; *Powell* v. *Meyers,* 23 Ky. Law Rep. 795, 64 S. W. 428, and *Frazer* v. *Andrews, supra,* are cited. If we view these cases from the point taken by the several courts of review, and carefully consider the facts of each case and the precise issue raised and determined, much, if not all of the apparent conflict disappears. Some of the cases have turned on the peculiar provisions of the statutes, like the cases from New York and Wisconsin, others have turned on the relations which creditors bore to the contract, and still others have turned on the character of the writing relied upon as avoiding the statute.

The main question discussed in the McAnnulty Case was whether a marriage contracted subsequent to the making of a will revoked the will. The question of whether a subsequent written contract, purporting to be an antenuptial contract, was sufficient as against the statute was discussed by the court more briefly and without reference to or citation of any of the long list of cases upon that subject, and this, perhaps, can be accounted for upon the assumption that the court was of the opinion that the execution of the alleged contract had not been made out. Indeed, it discusses the evidence upon that subject in a manner indicating that such was its views. As an authority upon that subject very little weight can be given to it.

In the Powell Case a settlement had been made in accordance with a verbal antenuptial contract, and after the death of the wife the husband sought to avoid the settlement. It was held that he could not do so, though the antenuptial contract was within the statute, for the contract had been fully performed and was no longer executory. What was said with reference to the verbal antenuptial contract being within the statute was merely incidental and unnecessary to the decision of the case.

*Frazer* v. *Andrews* turned on the character of the writing. The court in that case expressly approve the rule declared in *Kohl* v. *Fredrick, supra,* but distinguish that case from the one then in hand, in that there is nothing in the writing itself that shows it was executed to give effect to the previous verbal antenuptial contract. The court considers the case as if no antenuptial contract had been made, and as if the written contract was a postnuptial contract. The court holds, however, by fair inference, that, if the written contract had contained a provision or statement that it was executed to give effect to the verbal antenuptial contract, or in consideration of such contract, it would have taken that contract out of the statute.

*Satterthwaite* v. *Emley, supra,* is sometimes cited as authority that a verbal antenuptial contract is not taken out of the statute by being reduced to writing after marriage. But the holding in that case goes no farther than as it affects creditors; but as to a party to the contract or those claiming under such party, the court held that a subsequent writing made after the marriage, evidencing the verbal antenuptial contract, would save that contract from the operation of the statute.

*Rowell* v. *Barber, supra,* a strong and well considered case, in which many of the authorities are collected, clearly points out the effect that slight variations in the wording of the different statutes have upon the decisions of the court. In that case it was held that, because of the statute of Wisconsin which made a verbal antenuptial contract void, subsequently reducing it to writing after the marriage did not take it out of the statute; for, being void, there was nothing to revive or to be taken out of the statute; that in this respect it differed from the English and many of the state statutes which did not render the verbal contract void, but provided the kind of evidence by which it must be proved, that the object of those statutes was not to prohibit such contracts, but was to require such evidence as would prevent

fraud and perjury after the death of one or the other of the parties. Such has been the construction given to our statute. *Child* v. *Pearl, supra.*

The so-called written antenuptial contract in this case removed the statute that otherwise would have barred a recovery on the verbal antenuptial contract, and this renders it unnecessary to consider what effect, if any, the so-called postnuptial contract had upon the verbal antenuptial contract.

[4] The exception of the defendant to the exclusion of certain of his own testimony related to evidence received by the master as tending to prove that the antenuptial contract was supported by a sufficient consideration, and had been performed by the parties, and that therefore the contract was taken out of the statute. Our holding that the statute does not apply to the antenuptial contract renders it unnecessary to consider that exception; for, if it was error to exclude the testimony, it was harmless error.

The exception taken to the admission of the so-called written antenuptial contract is without merit, and our holding that it removed all claim that the verbal antenuptial contract was barred by the statute of frauds disposes of that exception, and the exception to the admission of the so-called postnuptial contract is equally without merit, and is disposed of in what we have said earlier in the opinion.

[5] The defendant claims in his brief, that, in any view this Court may take respecting the verbal and written antenuptial contract, he is entitled, at least, to five hundred dollars out of the estate of the testatrix, because, since those contracts were made, the Legislature has passed an act giving to the surviving husband or wife, dying without issue, an additional five hundred dollars, which did not and could not have entered into any consideration of the parties in making any of those contracts, and that the antenuptial contract related to only such rights in the wife's estate after her decease as he would be entitled to under the law as it then existed when those contracts were made. The plaintiffs claim that this question was not raised and passed upon by the court below, and hence is not before this Court for review. The defendant has not called our attention to anything contradicting the plaintiffs' claim, and it does not appear that this question was raised below, and therefore it is not before us now.

We think the decree below is too broad, and the same is so altered as to read as follows:

"*It is hereby ordered and decreed that the exceptions to the master's report are overruled; that the antenuptial contract set forth in the plaintiffs' bill is in full force and of binding effect upon the defendant, and the defendant is ordered and decreed to keep the same according to its terms, and the defendant probate court, having disclaimed all interest in these procedings, is discharged without costs, and the decree as altered is affirmed, and the cause is remanded with costs to the plaintiffs.*