WINGATE W. MUNSELL, APT. *v.* HANNAH MUNSELL'S ESTATE.

February Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Husband and Wife—Antenuptial Contract Precluding Husband From Waiving Wife's Will—Judgment As to Validity of Antenuptial Contract Conclusive in Subsequent Proceedings.*

1.  Where an antenuptial contract provided that in case of marriage each of the parties should hold his or her separate control, ownership, and maintenance of their respective properties as though not married, and reserved to each the power to make such disposition of their respective properties, by gift or will, during their lifetime, as each saw fit, and the wife disposed of her property by will, the husband was barred by such contract from taking any share of her estate.

2.  The decree of the Supreme Court in a chancery case brought by the executor of the wife's will against the husband in aid of the probate court in the settlement and distribution of the wife's estate, holding the antenuptial contract to be "in full force and binding effect" upon him and ordering him "to keep the same according to its terms," was conclusive against his right to waive the provisions of his wife's will.

APPEAL to Franklin county court from a decree of the probate court of the District of Franklin holding that Wingate W. Munsell was barred by a certain antenuptial contract from taking any part of the estate of Hannah Munsell, and decreeing said estate according to the terms of her last will and testament. Heard by Court at the September Term, 1920, Franklin County, *Stanton*, J., presiding.   Judgment affirming the decree of the probate court and dismissing the appeal.   The plaintiff excepted.

STATEMENT BY WATSON, C. J.   The body of the antenuptial contract in question between Wingate W. Munsell and Hannah Skeels, is as follows:

"That, whereas, the parties to this agreement have in contemplation, in the near future, a marriage between themselves; and, whereas, each of the parties hereto are possessed of property, both real and personal, which they severally own in their own individual right; therefore it is mutually agreed by and between us that, in the event of said marriage, each shall have, hold, and maintain their separate control, ownership, and disposition of the property owned by each and the avails thereof the same thereafter as if said marriage was not had between us; that neither of us shall acquire, by virtue of said marriage, any ownership or right of control in the property of the other during coverture between us, nor the right of inheritance in the property of the other by the survivor of us; that each may make such disposition of his or her property, by gift or will, during his or her lifetime as he or she sees fit, and in case of the decease of either of us without leaving a lawful will, the survivor of us shall have and take no interest in the property of the estate of the party deceased, as he or she might lawfully do, had not this agreement been made, but his or her interest shall immediately and forever thereafter cease in said property, and the property of such deceased party shall immediately pass to the lawful heirs of said party."

The will of the deceased wife being proved, the surviving husband filed his waiver of it and asked the probate court to set out and decree to him such portion of the testate's estate as he was legally entitled to receive. The probate court held that the surviving husband was barred by the antenuptial contract from taking any share of the estate, and decreed accordingly. From this decree the surviving husband appealed to the county court. The case being heard in the latter court, the decree of the probate court was affirmed, and the appeal dismissed, the same to be certified to the probate court. On exception to the action, judgment, and order of the county court, the case passed to the Supreme Court.

*F. L. Webster, D. W. Steele,* and *D. G. Furman* for the plaintiff.

*C. G. Austin & Sons* for the defendant.

Waston, C. J. In *Smith and Nye, Executors* v. *Wingate W. Munsell,* a case in chancery based upon the antenuptial con-

tract in question and brought in aid of the probate court in the settlement and distribution of the estate of Hannah Munsell, reported in 94 Vt. 201, 110 Atl. 12, the contract was held to be "in full force and of binding effect upon the" surviving husband, the appellant in the present action, and he was "ordered and decreed to keep the same according to its terms."

[1]    By the terms of the contract it was not only covenanted that, in the event of said marriage, each of the parties should have, hold, and maintain his or her separate control, ownership, and disposition of the property owned by him or her and the avails thereof the same thereafter as if said marriage was not had between them, but the power was expressly reserved to each to make such disposition of his or her property, by gift or will, during his or her lifetime, as he or she saw fit.   This power was executed by the wife in her lifetime in one of the ways thus authorized, namely, by will.   The case is therefore within the general rule laid down by Mr. Justice Story, "that all antenuptial agreements for securing to a wife separate property, will, unless the contrary is stipulated or implied, give her in equity the full power of disposing of the same, whether real or personal, by any suitable act or instrument in her lifetime, or by her last will, in the same manner, and to the same extent, as if she were a *feme sole.*"   2 Story Eq. Jur. § 1390.   And that where "a power is reserved by a settlement, to enable the wife after marriage to dispose of her separate property, either real or personal, it may be executed by her in the very manner provided for, whether it be by deed or other writing, or by a will or appointment.   And courts of equity will, in all cases, enforce against heirs, devisees, and trustees, as well as against the husband and his representatives, the rights of the donee or appointee of the wife."   2 Story Eq. Jur. § 1388.   A very important case on the doctrine stated in these two sections by Mr. Story, is *Bradish* v. *Gibbs,* 3 Johns. Ch. (N. Y.) 523.

[2]    Nothing more need be said to show that by the decree rendered in the case in chancery in aid of the probate court, as mentioned in the first paragraph of this opinion, the contentions now made by the surviving husband, that the contract does not debar him from waiving the will of his deceased wife and taking under the statute such share of her estate, she leaving no issue, as surviving husbands may take in like cases of intestate estates, or in any event the amount so given by statute at the time of her

decease in excess of what was given at the time the contract was made, were adjudicated, and not now open for further discussion. To be sure, we there said that the question as to such excess was not raised below and so not before us; but this fell short of saying that it was not within the scope of the decree and concluded by it.

*Decree affirmed with costs. Let it be certified to the probate court.*