IRVING E. COBURN *v.* VILLAGE OF SWANTON.

February Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.,
and CHASE, Supr. J.

Opinion filed October 4, 1921.

*Pleading—Allegations Held not Conclusions of Law—Allega-
tions Held not Restricted by Subsequent Allegations—Objec-
tion not Raised Below not Considered—Province of De-
murrer Under Practice Act—Invitee to Premises—Express
Invitation by Employee—Implied Invitation—Allegations
Showing That Plaintiff Was Invitee.*

1. In an action for personal injuries to an invitee, based upon the
   negligence of the defendant, allegations that the defendant "re-
   quested, lured, and induced" the plaintiff to go upon the
   premises were not mere conclusions of law, but allegations of
   fact.

2. Such allegations were not restricted in meaning by subsequent
   allegations that the defendant, acting through its duly qualified
   agents and employees, requested, etc., and that defendant's em-
   ployee, acting within the scope of his employment and in the
   exercise of authority given him by the defendant, requested,
   etc.; such allegations being all to the same effect, and the
   proof, if it conformed to the last, being consistent with the
   others.

3. In such case, the plaintiff could not rely upon an express invita-
   tion from defendant's employee in charge of the premises, un-
   less he proved that the employee had authority from the de-
   fendant as alleged.

4. Grounds of demurrer to a pleading, not raised below, will not be
   considered on review.

5. Under the Practice Act, the legitimate use of the demurrer is to
   test the sufficiency of a pleading in matters of substance; the
   sufficiency of all pleadings in respect to form being left, under
   G. L. 1795, to the discretion of the trial court, and, under G. L.
   1793, uncertainty being a matter to be dealt with by a motion
   to expunge, or some other appropriate action.

6. To come on premises under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the occupant's business, or which he permits to be carried on there, and there must be some mutuality of interest in the subject-matter of the visit, although the particular business which is the object of the visit may not be for the benefit of the occupant.

7. In an action by a child to recover damages for injuries while in defendant's power house, allegations that he went there at the request of defendant's employee in charge, for the sole purpose of carrying necessary food to him while on duty, with the defendant's knowledge and approval, were sufficient to support an inference that the plaintiff was at the place of accident as an invitee, and not as a mere licensee.

ACTION OF TORT for negligence. Heard on defendant's demurrer to the amended complaint at the September Term, 1920, Franklin County, *Stanton*, J., presiding. Judgment, *pro forma*, overruling the demurrer and adjudging the complaint sufficient. The defendant excepted. The opinion states the case.

*F. L. Webster* and *D. G. Furman* for the defendant.

*D. W. Steele* and *Elmer Johnson* for the plaintiff.

TAYLOR, J. This case has once before been here on a question of pleading. It was then heard below on demurrer to the complaint, and came here on plaintiff's exception to the judgment sustaining the demurrer. This judgment was affirmed, and the cause remanded with leave to apply. *Coburn* v. *Village of Swanton*, 94 Vt. 168, 109 Atl. 854. An amended complaint was thereupon filed, to which the defendant demurred. The demurrer was overruled *pro forma* without hearing, and the cause passed to this Court before trial on the defendant's exception.

The main question raised by the demurrer, as at the former hearing, is whether it appears from the complaint that at the time of the injury the plaintiff was at the place of the accident by the invitation of the defendant, express or implied. The plaintiff has undertaken by amendments to supply the shortage in this regard found in the original complaint. In other respects the allegations are substantially the same, and are sufficiently

stated in the former opinion. Bearing upon the question at issue, it is now alleged that at the time of plaintiff's injury defendant's power house was operated continuously, and was in charge of one of three employees who worked different shifts, only one of whom as a rule was on duty at any time, and who, when so alone on duty, had full charge of the plant. After setting forth the defects complained of, the attendant dangers, and the duty of the defendant to exercise active care to warn the plaintiff thereof and keep him outside the power house, it is alleged that the defendant did not perform its duty in that regard, but, on the contrary, before and on the day of the injury to the plaintiff, "by word of mouth to the plaintiff spoken, and otherwise, requested, lured, and induced the plaintiff to go upon said premises into said power house," to the place where the accident occurred, at the time and for the purpose for which the plaintiff was within the power house at the time of his injury. Then follow several paragraphs of the complaint, in which the facts relied upon as a basis of an invitation are stated at considerable length. The allegations are in substance these: One of the three employees, Barr by name, had for several months before the plaintiff's injury been working a shift that called him on duty at twelve o'clock midnight and kept him on duty until twelve o'clock noon the day following. The character of his work and the rules of the defendant required him to be constantly at his post during the hours of his shift. While on duty, Barr had full charge and supervision of the power house and plant, with full authority from the defendant to admit the plaintiff on behalf of the defendant to the part of the power house where he received his injury, at the time and for the purpose for which the plaintiff was then within the power house. It was to the interest and advantage of the defendant that Barr, while on duty, should have suitable food and drink carried to him each morning. There was no food kept on or near the defendant's premises, and the only way that Barr could be supplied with the necessary and suitable warm food and drink for his mid-shift meal, while on duty, was to have such meal carried to him, all of which was well known to the defendant.

It is then alleged in separate paragraphs that on divers times before plaintiff's injury (1) the defendant, acting through its duly qualified agents and employees, and (2) the said Barr, acting within the scope of his employment as the servant of the

defendant and in the exercise of the power and authority given to him by the defendant already alleged, by word of mouth requested the plaintiff to carry food and drink to Barr each morning while he was working his shift, including the morning of the injury. Then follow allegations that for several weeks, including the day of his injury, the plaintiff who was then a boy of about twelve years of age, ''did, by reason of, and in acceptance of said solicitations, requests, and invitations of the defendant and the defendant's said servant made to the plaintiff as aforesaid, and with the knowledge and approval of the defendant, carry the defendant's servant Barr necessary, suitable, and proper warm food and drink for his mid-shift meal each morning that said Barr was on duty,'' etc. The previous allegations are then summed up in a paragraph concluding with a statement of the circumstances of the accident.

[1-3] The ultimate question of the defendant's liability is whether the facts alleged show that the defendant owed the plaintiff the duty of active care; and this, in turn, depends upon whether the latter was at the place of the accident by the invitation of the defendant, express or implied. In the original complaint there was no allegation of an express invitation, and we held that an invitation could not be implied from the facts then alleged, as it did not appear that the purpose for which he entered the premises was one of interest or advantage to the defendant, without which it could not be inferred that he was there as an invitee and not as a licensee. Plaintiff now undertakes to allege an express invitation. He contends that such an invitation is sufficiently alleged, and that, if established, the allegations respecting the purpose of his visit become immaterial, as it is only when the invitation is sought to be implied that it becomes necessary to show that the purpose of the visit was one of interest or advantage to the defendant. That is to say, if on trial it should be shown, as alleged, that the defendant acting through a duly authorized representative expressly requested the plaintiff to deliver Barr's breakfast to him at the time and place of the accident, the duty of exercising active care for his safety while so doing would necessarily follow. The defendant does not controvert the soundness of this proposition, but relies upon the claim that an express invitation is not properly alleged. Therefore it is unnecessary for present purposes to inquire whether

the status of one expressly invited is affected by the purpose of the invitation.

The point is made that the allegations to the effect that the defendant "requested, lured, and induced" the plaintiff to go upon the premises, etc., are mere conclusions of law, and are restricted in their meaning by subsequent allegations, in substance that plaintiff's visit was at the request of defendant's servant Barr. The defendant relies principally in support of this claim upon *Kennedy* v. *North Jersey St. Ry. Co.*, 72 N. J. Law, 19, 60 Atl. 40, and *Kubinak* v. *Lehigh Valley Ry. Co.*, 79 N. J. Law 438, 75 Atl. 443, in which it was held that the words "invited", "induced", and "lured", as there used, were not allegations of fact. These decisions were by the Supreme Court of New Jersey and have little force as precedents. In *Hess* v. *Public Service Ry. Co.*, 84 N. J. Law 329, 86 Atl. 951, the Court of Errors and Appeals of that state, in deciding that an allegation that the plaintiff was "requested" to board a car sufficiently alleges an invitation, declined to follow these decisions.

It is too plain to require argument that the language employed here is not open to the objection that it does not allege a fact. Nor can we agree that it is restricted in meaning as the defendant contends. In one paragraph of the complaint it is alleged that the defendant requested, etc.; in another, that the defendant, acting through its duly qualified agents and employees, requested, etc., and in still another, that Barr, acting within the scope of his employment as the servant of the defendant and in the exercise of authority given to him by the defendant, requested, etc. In the circumstances, these allegations are all to the same effect. If the proof conforms to the last allegation, it is consistent with the others; but, if the plaintiff fails to show that Barr had the authority from the defendant elsewhere alleged, he could not rely upon an express invitation through Barr.

[4, 5] This is as far as the ground of demurrer assigned requires us to go. The objection now urged that these allegations are inconsistent and bad for repugnancy was not raised, and so need not be considered. However, we take this opportunity to call attention to the fact that under the Practice Act the scope of a demurrer is somewhat restricted. The sufficiency of all pleadings in respect of form is left to the discretionary determination of the trial court. G. L. 1795. Uncertainty in any pleading is

a matter to be dealt with by a motion to expunge, or some other appropriate action. G. L. 1793. Under reformed procedure, the legitimate use of the demurrer is to test the sufficiency.of a pleading in matters of substance. See *Roberts* v. *Danforth*, 92 Vt. 88, 102 Atl. 335; *Bradley* v. *Blandin*, 92 Vt. 313, 104 Atl. 11; *White* v. *Hall*, 91 Vt. 57, 99 Atl. 274.

[6] The demurrer also raises the objection that the amended complaint does not make a case of implied invitation. Confessedly, this depends upon whether it sufficiently appears that the purpose of plaintiff's visit to the power house was, in legal contemplation, for the interest or advantage of the defendant. It was said in *Bottum's Admr.* v. *Hawks*, 84 Vt. 370, 79 Atl. 858, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913A, 1025, that a naked trespasser or bare licensee enters for purposes of his own; he acts for his own benefit or convenience, and the owner gains nothing. But, if invited, one enters not alone from motives of his own uncontributed to by act of the owner, but is induced, in some measure, by the conduct of the latter. The owner, in contemplation of law, gains something from the arrangement, though his advantage need not be a pecuniary one. However, the visit to the premises need not be for the sole benefit of the owner, but an invitation, as distinguished from a license, may be inferred where there is a common interest or mutual advantage. *Plummer* v. *Dill*, 156 Mass. 426, 31 N. E. 128, 32 A. S. R. 463, is a leading case on the subject. The rule is there stated that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business with which the occupant of the premises is engaged, or which he permits to be carried on there. There must be some mutuality of interest in the subject to which the visitor's business relates, although the particular business which is the object of the visit may not be for the benefit of the occupant.

Among the many cases approving this rule are *Purtell* v. *Philadelphia, etc., Coal Co.*, 256 Ill. 110, 99 N. E. 899, 43 L. R. A. (N. S.) 193, Ann. Cas. 1913E, 335, and *Atkins* v. *Lackawanna Trans. Co.*, 182 Ill. 237, 54 N. E. 1004, in each of which it was held that a boy employed as a water carrier by servants of the defendant with the latter's knowledge, was not a mere licensee, and *Illinois Cent. R. Co.* v. *Hopkins*, 200 Ill. 122, 65 N. E. 656, where one was injured while going to a depot to deliver meals to mail clerks on a train in accordance with an agreement with such

clerks, the practice having been followed for considerable time with the knowledge and consent of the railroad company. Other late cases are *East Hill Cem. Co.* v. *Thompson,* 53 Ind. App. 417, 97 N. E. 1036; *Meiers* v. *Fred Koch Brewery,* 229 N. Y. 10, 127 N. E. 491, 13 A. L. R. 633; *Kidder* v. *Sadler,* 117 Me. 194, 103 Atl. 159; *Milauskis* v. *Terminal R. Ass'n,* 286 Ill. 547, 122 N. E. 78. It is said in the case last cited that the distinction between a visitor who is a mere licensee and one who is on the premises by invitation turns largely on the nature of the business that brings him there, rather than on the words or acts of the owner, which precede his coming. From what has been said, it is evident that invitation in the technical sense, from which the duty of active care arises, differs from invitation in the ordinary sense, implying the relation of host and guest, or a mere license.

[7] Tested by these rules, we think this ground of the demurrer was not well taken. Sufficient facts are now alleged to support an inference that the plaintiff was at the place of the accident as an invitee, and not as a mere licensee. The defects held fatal to the original complaint have been cured by amendment, and no valid ground of demurrer is now disclosed. Whether the proof on trial will support the amended allegations is quite another question, with which we are not now concerned. It would unnecessarily prolong the opinion and serve no good purpose to discuss the points raised in defendant's brief in detail. Such questions as are properly raised on demurrer are sufficiently covered by what has been said in this and our former opinion.

*Affirmed and remanded.*