GELSI MONTI *v.* J. W. THORINGTON ET AL.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 26, 1924.

*Questions Not Raised Below Not Considered in Supreme Court —Presumptions in Support of Ruling of Lower Court.*

1. Questions not raised below will not be considered in Supreme Court.

2. In support of ruling of lower court, sustaining motion made under G. L. 1707 to abate a municipal court writ because it

was issued without a recognizance by some person other than the plaintiff, the Supreme Court will assume that such allegation in the motion was found to be true on proper proof, the contrary not appearing, as resort cannot be had to matters *dehors* the record to show otherwise.

ACTION OF CONTRACT. Heard in Montpelier city court, *Fred L. Laird*, Judge, on defendant's motion to abate the writ. Motion sustained. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Gelsi Monti* for the plaintiff.

*Robert E. Susena* for the defendant.

SLACK, J. This is an action of contract brought before the Montpelier city court. The facts that appear of record, material to the questions argued, are these: The writ was filed in court, December 8, 1923. The return day was December 10, 1923. On December 8, the defendant, by his attorney, entered a general appearance, and the next day filed a motion predicated on G. L. 1707, to abate the writ because it was issued without a recognizance by some person other than the plaintiff. No reply to the motion was filed. After hearing thereon, the motion was sustained, and judgment rendered that the writ abate, to which the plaintiff excepted.

[1] It is now urged that the motion should have been denied, because the right to take advantage of the defect therein alleged was waived by the general appearance, because such defect could only be attacked by plea in abatement, and because no evidence was adduced to show that the recognizor was not a person other than the plaintiff. But the record does not show that these questions, or any of them, were raised in the court below, and we have repeatedly held that only questions there raised will be considered. *In re Well's Will*, 95 Vt. 16, 113 Atl. 822; *Coburn* v. *Swanton*, 95 Vt. 320, 115 Atl. 153; *Dyer* v. *Lalor*, 94 Vt. 103, 111, 109 Atl. 30; *State* v. *Donaluzzi*, 94 Vt. 142, 109 Atl. 57; *Nichols* v. *Central Vermont Ry. Co.*, 94 Vt. 14, 109 Atl. 905, 112 A. L. R. 333; *Smith* v. *Nye & Munsell*, 94 Vt. 201, 110 Atl. 12; *Duprat et ux.* v. *Chesmore*, 94 Vt. 218, 110 Atl. 305; *Bonazzi* v. *Fortney*, 94 Vt. 263, 110 Atl. 469; *Williams*

*Mfg. Co. et al.* v. *Ins. Company of North America,* 93 Vt. 161, 172, 106 Atl. 657; *Grapes* v. *Willoughby,* 93 Vt. 458, 108 Atl. 421; *Stevens* v. *Bowker,* 93 Vt. 480, 108 Atl. 347; *Porter Screen Co.* v. *Central Vermont Ry. Co.,* 92 Vt. 1, 102 Atl. 44.

[2] We are bound to assume, in support of the ruling of the trial court, the contrary not appearing, that the motion was sustained because the allegation that the writ was issued without a recognizance by some person other than the plaintiff was found to be true. *State* v. *Donaluzzi, supra.* And, since the contrary does not appear, we are bound, too, to assume that such finding was made on proper proof, as resort cannot be had to matters *dehors* the record to show otherwise.

*Judgment affirmed.*